## THE STATE v. RICHART.

1. **Instructions:** POSSESSION OF STOLEN GOODS: PRESUMPTION OF LAW. Where the instruction stated that the presumption arising from the recent possession of stolen goods, was one of law, but left to the jury the power to say whether such a presumption warranted a verdict of guilty, the defendant was not prejudiced by calling it a presumption of law.

2. ——: PREPONDERANCE OF EVIDENCE: REASONABLE DOUBT. The defendant can only be required to introduce evidence which creates a reasonable doubt whether he honestly came into the possession of stolen goods. An instruction that he must overcome the presumption arising from such possession by a preponderance of evidence is erroneous.

| 57 | 245 |
| 113 | 539 |
| 57 | 245 |
| 118 | 98 |
| 57 | 245 |
| 122 | 4 |
| 57 | 245 |
| 138 | 90 |

*Appeal from Benton District Court.*

THURSDAY, DECEMBER 8.

INDICTMENT for larceny. Trial by jury; verdict guilty, and judgment. The defendant appeals.

*Boies & Couch,* for appellant.

*Smith McPherson, Attorney General,* for the State.

SEEVERS, J.—I.   The court instructed the jury that:

" 5.   The possession of property recently stolen, when that possession is unexplained, is *prima facie* evidence of guilt. Hence, if you believe from the evidence, that at or about the time and in the county charged, the wheat described in the indictment was stolen, or any part thereof; that it was taken from the barn of the said Saunders in the night time, and was his property, and if you find that such stolen wheat was the next day found in the possession of the defendant, and was sold by him, then the presumption of law is that he is the person who stole said wheat, and you will be warranted in so finding, unless the defendant shall satisfy you that he came into the possession of said wheat honestly, and the burden of proof is on him to satisfy you by a preponderance of evidence, that he honestly came into the possession of such wheat."

1. INSTRUC-
TIONS : pos-
session of
stolen goods :
presumption
of law.

The first point of this instruction is the same in effect as the instruction given and approved in *The State v. Hessians,* 50 Iowa, 135, but it is insisted to be erroneous because the presumption that may be inferred from the recent possession of stolen property is one of fact to be drawn by the jury and not one of law.   A presumption of law should be declared by the court.   If, therefore, the court intended to lay down the rule the presumption was one of law, the instruction should have gone farther and directed the jury if they found the other material facts they should convict.   But this was not done.   Practically it is immaterial what the presumption is called unless, by reason thereof, the jury are directed to convict.   For until this is done it remains a presumption of fact, and it is for the jury to say whether, because of its existence, they should find the defendant guilty.

In the instruction in question the jury were told that because

of the presumption they would be warranted in finding the defendant guilty, but this did not take from them the power to find the reverse. In other words it was for the jury to say whether the presumption was sufficient to warrant them in finding the defendant guilty. We do not think the defendant was prejudiced by calling the presumption one of law. *Stover v. The People*, 56 N. Y., 315.

II. Conceding the foregoing to be correct it is insisted the instruction is erroneous, because it casts on the defendant the burden to satisfactorily account for the possession of the stolen property. It is insisted the burden never shifts in a criminal case. There is no occasion to determine this question in this case. Because all the court meant by the use of the word burden was, that it was for the defendant to account for his possession of the property. It was not for the State to do so. Then the defendant must introduce evidence explanatory of his possession. Conceding the presumption to be sufficient the jury should find the defendant guilty unless evidence was introduced by the defendant sufficient to create a reasonable doubt as to his guilt.

III. It is further insisted the instruction is erroneous because of the direction that the defendant must overcome the presumption by a "preponderance of evidence." The rule of the instruction is that if the jury found the defendant had possession of the property recently after it was stolen they would be warranted in finding him guilty, unless he satisfied them by a preponderance of the evidence he came honestly into the possession of the property.

2. ——: preponderance of evidence: reasonable doubt.

The thought of the court without much doubt being that the same rule should apply as in cases where the defendant relies on insanity or an *alibi* as a defense, and that in this State the rule is that such defenses must be established by the defendant by a preponderance of the evidence. We, however, think there is a difference between the cases, or if not, the rule

in cases of insanity or *alibi*, when relied on as a defense, should not be extended. Suppose the only evidence introduced by the State was that the defendant was found in possession of the property recently after the larceny, and defendant gave evidence tending to show he came into possession by finding, the rule of the instruction would require the defendant to establish his innocence by a preponderance of evidence. If the evidence as to the finding was in equipoise the defendant must, under the instruction under consideration, be found guilty.

Again it has been held that the good character of a defendant may be shown in all cases, and it is for the jury to determine as to its weight as they would any other fact in evidence. *The State v. Northup et al.*, 48 Iowa, 583. There was evidence tending to show the good character of the defendant in the case before us. Such evidence would not tend to prove either insanity or an *alibi*. But it would have a tendency to prove that a person charged with a larceny was not guilty, and in a case where the only evidence of guilt was the recent possession of stolen property, the jury might conclude that a person of unblemished character had come honestly into possession of the property but was unable to account therefor. The presumption of honesty, which should be indulged in a case where good character is shown, might be sufficient in the estimation of the jury to overcome the presumption arising from the possession of the property.

When the State introduces evidence authorizing such presumption a *prima facie* case is made out. When good character is shown, a presumption of innocence may be indulged. Now it seems to us that the defendant should not be required by a preponderance of evidence to satisfy the jury he was not guilty, but that all he can be required to do is to introduce evidence which creates a reasonable doubt whether he came honestly into possession of the stolen property.

REVERSED.