THE STATE v. HOPKINS.   (Two Cases.)

1. **Criminal Evidence**: LARCENY: POSSESSION OF STOLEN GOODS: PRE-SUMPTION: EVIDENCE TO OVERCOME: The presumption of guilt arising from the possession of recently stolen property is sufficiently overcome to justify a verdict of acquittal, when the defendant has introduced evidence, in explanation of his possession, which raises a reasonable doubt of his guilt. *State v. Richart*, 57 Iowa, 247, followed.

*Appeals from Story District Court.*

FRIDAY, DECEMBER 5.

These cases are submitted together as involving the same question of law. In the first case the defendant was convicted of stealing a horse from one Olson, and in the second case of stealing a horse from one Wicks. Judgment having been rendered upon the verdict in each case, the defendant appeals.

*J. L. Dana*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

ADAMS, J.—The court in each case gave an instruction in these words: "If property recently stolen be found in the possession of a person other than the owner, the law presumes that the person so in possession stole such property, unless his possession is satisfactorily explained or accounted for consistently with innocence. Such explanation or satisfactory accounting for the possession of the stolen property may appear from the circumstances attending the possession, as shown by the state, or other proof, and by the preponderance which means the greater weight or value, of the evidence, and not merely by the greater number of witnesses who have testified to a particular fact or state of facts." The giving of this instruction is complained of as being erroneous, by reason of the implication which it contains in relation to the necessity of a preponderance of evidence. In our opinion the instruction cannot be sustained. It was sufficient if the evidence was such as to raise a reasonable doubt of the defendant's guilt. *State v. Richart*, 57 Iowa, 247. The cases must be remanded for another trial.

REVERSED.