The State v. Peterson.

## THE STATE v. PETERSON.

1. **Practice in Supreme Court:** CRIMINAL CASE: APPELLANT'S ABSTRACT ILLEGIBLE: CAUSE REVIEWED ON ABSTRACT OF ATTORNEY-GENERAL. Defendant had leave to present his appeal in writing, but his abstract was almost illegible, and was otherwise defective. The attorney-general filed a complete abstract of the record, which was not denied, and the appeal was disposed of on this abstract.

2. **Larceny:** PRESUMPTION FROM POSSESSION OF STOLEN GOODS: EVIDENCE TO OVERCOME. The instruction complained of in this case (see opinion) sufficiently stated the rule announced in *State v. Richart,* 57 Iowa, 245, and *State v. Hopkins,* 65 Id., 240, that the presumption of guilt arising from the possession of recently-stolen goods is overcome when the evidence is such as to raise a reasonable doubt whether the defendant did not honestly come into possession of the goods.

3. **Practice on Appeal:** ERROR MUST BE SHOWN IN RECORD. A complaint made in argument, that the district attorney was guilty of prejudicial misconduct, cannot be reviewed when the record does not show what the misconduct was.

4. **Criminal Law:** PROLONGATION OF TRIAL: TIME FOR COURT IN OTHER COUNTY OF DISTRICT. Where a pending criminal trial cannot be finished before the time set for court in another county in the district, the judge may adjourn for a time the court in the other county for the purpose of concluding the trial. Compare *State v. Stevens, ante,* p. 557.

*Appeal from Hardin District Court.*

SATURDAY, DECEMBER 12.

THE defendant was tried, convicted, and sentenced to imprisonment in the penitentiary, for the crime of larceny from a building in the night-time, and he appeals.

*T. H. Milner*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

ROTHROCK, J.—I. On the night of the seventh of August, 1883, the jewelry store of J. W. Smith, at Union, Hardin county, was broken into and entered, and money, jewelry and watches, of the value of about $700, were stolen therefrom. The defendant, Peterson, and one Maurice and one Stephens were arrested about three days after the crime was committed, at Moline, Illinois, with nearly all of the stolen property in their possession. They were brought to Hardin county and jointly indicted for the crime. They demanded separate trials, and the defendant, Peterson, was convicted and sentenced to the penitentiary for ten years. There was no direct evidence that the three persons named stole the money and property. The evidence shows, however, that they were traveling about the country together for a month or more preceding the time of the larceny. They were at Union, at Marshalltown, at Grundy Center, and at other places. They had no occupation or business. They each passed under one name at one place and another name at another place. When they traveled, they usually adopted that inexpensive mode of conveyance known as free rides on freight trains. They were at Marshalltown on the evening before the crime was committed, which place is some twenty miles by rail from Union, and there was a train from the former place to the latter early in the night. When arrested at Moline they pretended not to be acquainted with each other. They stopped at a hotel, and the defendant, Peterson, delivered a satchel, which contained most of the stolen goods, to the hotel clerk. After he was arrested he denied being the owner of the satchel. These facts are not disputed. The defendant, Peterson, tes-

tified as a witness in his own behalf. He stated that he was in Marshalltown all of the night of August 7, and on the next day he went fishing and found the stolen goods partially covered with grass, and that he borrowed the satchel and put the goods in it, and on that night he started with the goods in the satchel, and made his way for Moline, traveling mostly on freight trains.

As is usual with men of this character, they were defended at the expense of the county by counsel appointed by the court, and their counsel, not being content with the judgment of the court below, applied to this court for leave to present the appeal in writing, and an order to that effect was made. A written abstract of 196 pages was filed, and it is so illegibly written as to be almost impossible to read, and the brief and argument of counsel were written by the same hand. The attorney-general, probably appreciating the difficulty in deciphering the record as presented by the appellant, has caused a complete abstract of the record to be presented, and, as this abstract is not denied, we are thus enabled to dispose of the case. Counsel for appellant makes some objection to rulings upon the introduction of the evidence. In some of these objections he does not cite us to that part of his abstract where the evidence is to be found, and when he does cite us to the page, no such evidence or ruling is to be found. His abstract is not indexed. Accepting the abstract prepared by the attorney-general as correct, we find no error in any ruling of the court made pending the introduction of the evidence.

*1. PRACTICE in supreme court: criminal case: appellant's abstract illegible: cause reviewed on abstract of attorney-general.*

II. There are numerous objections to the instructions of the court to the jury. With one single exception, these objections are utterly without merit, and we cannot take the time to notice them in detail. The exception referred to is this: The court instructed the jury as follows: "The defendant claims, and has offered testimony to prove, that he came into

*2. LARCENY: presumption from possession of stolen goods: evidence to overcome.*

the possession of the goods in controversy in this case by finding them. If this be satisfactorily shown by the evidence, the defendant should be acquitted. It is only necessary for this explanation to be shown by a preponderance of the evidence, or to such extent as to leave it reasonably doubtful whether he acquired the possession by theft."

In the case of *State v. Richart*, 57 Iowa, 245, it was held that an instruction that the presumption arising from the possession of property recently stolen must be overcome by a preponderance of evidence was erroneous, and that case was followed in *State v. Hopkins*, 65 Iowa, 240. The true rule, as stated in those cases, is that it is sufficient to acquit if the evidence is such as to raise a reasonable doubt whether the defendant honestly came into the possession of the stolen goods. This instruction is unlike the instructions which were disapproved in the two cases above cited. It is true that in one clause it is stated that it is only necessary to explain the possession by a preponderance of the evidence, but this is immediately followed by what may be regarded as explanatory of what is meant by a preponderance of the evidence; that is, that it is sufficient to acquit if the evidence leaves it " reasonably doubtful whether he acquired the possession by theft." Taking the whole instruction together, we think it is in substantial accord with the rule announced by this court in the cited cases.

III. A claim is made that the district attorney was guilty of such misconduct in his argument to the jury as to 3. PRACTICE on appeal: errors must be shown in record. demand a reversal of the judgment. We have not been able to find anything in the record upon this subject. It does not appear what the objectionable line of argument was. No mention is made of it in the motion for a new trial, and we find nothing but the assertion of appellant's counsel that the district attorney " hurled volley after volley of invective upon the head of Kate Virden," a witness in the case. We cannot accept

the statement of counsel as true. His argument is no part of the record.

IV. An objection is made that the defendant was unlawfully tried because the court was illegally in session at the time of the trial. The facts upon which this **4. CRIMINAL law: prolongation of trial: time for court in other county of district.** complaint is based are that the judge of the court was not able to dispose of the business of the term before the commencement of the next term of his court in Marshall county. He made an order postponing and adjourning the term in Marshall county for one week, and he continued to hold court in Hardin county that week, during which the defendant was tried. It is very plain that the court was legally in session; it was but a continuation of the regular term.

We have passed upon everything in this record which appears to us to demand consideration, and our conclusion is that the judgment should be

AFFIRMED.