## The State v. Manley.

Larceny : POSSESSION OF GOODS : EVIDENCE TO OVERCOME PRESUMPTION. Where, on a trial for larceny, the state shows that the defendant had the stolen property in his possession soon after the larceny, it is not necessary, in order to overcome the presumption of guilt thus arising, for defendant to establish to the satisfaction of the jury that he did not steal the property ; but he is entitled to an acquittal if his evidence is such as to raise a reasonable doubt as to whether he did not come by it honestly. (See opinion for cases followed and distinguished.)

*Appeal from Taylor District Court.*—HON. JOHN W. HARVEY, Judge.

FILED, MAY 28, 1888.

VOL. 74—36

THE defendant was convicted of the crime of larceny by the verdict of a jury, and was sentenced by the court to a term of imprisonment in the penitentiary, and from that judgment he appeals.

*J. L. Brown* and *Charles Thomas*, for appellant.

*A. J. Baker*, Attorney General, for the State.

REED, J.—On the trial the state proved the larceny of the property described in the indictment, and that defendant soon after the larceny had it in possession. It also proved certain statements made by him before he was arrested as to the manner in which he claimed to have obtained possession of it, which in his examination as a witness he admitted were false. He testified that he obtained the property from a person who had it in possession, and from whom he won it at a game of chance, and that he had no knowledge when he received it that it had been stolen ; and he introduced other evidence which tended to corroborate him as to the circumstances under which he received it.

The court gave the following instruction :

" The law is that, when property recently stolen is found in the possession of any person, the burden of proof is upon such person to show how he came into possession thereof ; and unless he shows that he came into the possession of said property honestly, then the law will presume he stole the same. And in this case, if you find and believe from the evidence that the cow mentioned in the indictment was the property of the said Scott McFarland, and that she had been stolen from him, and that recently thereafter she was in the possession of the defendant, then you are instructed that the burden would be on the defendant to show that he did not steal the cow, *and this would be sufficient to warrant you in finding the defendant guilty, unless you find that said defendant has established to your satisfaction that he did not steal said cow.*"

The portion of the instruction which we have italicized is erroneous. Under it the jury were warranted

in convicting the defendant on proof of the fact that he had the stolen property in his possession, unless he had established to their satisfaction that he did not steal it. But that is not the rule. The defendant was entitled to an acquittal, unless the jury could say, upon a consideration of all of the evidence, that they entertained no reasonable doubt of his guilt. But a reasonable doubt may be engendered by evidence which does not satisfactorily establish the fact sought to be proven. If the evidence was sufficient to raise a reasonable doubt as to whether·defendant received the property under the circumstances claimed by him, it necessarily raises such doubt as to his guilt, in so far as that question rests alone upon the fact of his possession. Instructions to the same effect were condemned by this court in *State v. Richart*, 57 Iowa, 245, and *State v. Hopkins*, 65 Iowa, 240, and what is said in *State v. Peterson*, 67 Iowa, 564, is not in conflict with the holding in these cases.

REVERSED.