# THE STATE v. TUCKER.

**Larceny: POSSESSION OF PROPERTY: INSTRUCTION.** On a trial for the larceny of horses, the court instructed the jury that the unexplained possession of recently stolen property is presumptive evidence of guilt, and that if the jury was satisfied from all the evidence that the possession of the defendant was a guilty possession, then he should be convicted. *Held* erroneous, because under it defendant might have been convicted of receiving stolen property, knowing it to have been stolen, which was not the crime with which he was charged.

*Appeal from Delaware District Court.*—HON. JOHN J.

NEY, Judge.

FILED, DECEMBER 20, 1888.

INDICTMENT charging the defendant with the larceny of two horses. Verdict, guilty, and judgment The defendant appeals.

*Bronson, Carr & Le Roy,* for appellant.

*A. J. Baker,* Attorney General, for the State.

SEEVERS, C. J.—There was evidence tending to show that the horses were in the possession of the defendant recently after they were stolen. The court instructed the jury as follows: " (3) The possession, unexplained, of property recently stolen, is *prima-facie* evidence that the person in whose possession the property is found is the person who stole the property, and such possession is sufficient to justify you in finding the defendant guilty, unless the facts and circumstances attending the possession, as shown by the evidence in the case, are such as to raise in your minds a reasonable doubt of defendant's guilt. The question as to the nature of defendant's possession of the stolen property is one that you must determine from all the evidence in the case. If you are satisfied, from all the evidence in the case, beyond a reasonable doubt, that the possession of the defendant was a guilty possession, you should convict; but, if you have a reasonable doubt of the possession of the defendant being a guilty one, you should acquit. The nature of the defendant's possession is a question of fact to be determined by you on all the evidence in the case." It will be observed that the court instructed the jury that the unexplained possession of recently stolen property is presumptive evidence of guilt, and that if the jury was "satisfied from all the evidence, * * * that the possession of the defendant was a guilty possession," then he should be convicted. This instruction is clearly erroneous, for under it the defendant could be found guilty of receiving stolen property knowing it to have been stolen. He was not charged with the last-named crime, and it is materially different from the crime with which he was charged. For this error there must be a reversal.

The defendant further insists that the evidence does not sustain the verdict. Without setting out the

evidence, or discussing it at length, we deem it proper to say, in view of a new trial, that unless additional and material evidence can be procured the indictment should be dismissed. In our opinion the state failed to show that the defendant stole the horses, and the defendant established an *alibi*, and reasonably explained his possession of the horses. The sixth instruction is erroneous, for the reasons stated by counsel for the appellant, but not prejudicial. We are not prepared to say that the fourth instruction is erroneous.

REVERSED.