THE STATE OF IOWA, Appellee, v. OLIVER BRUNDIGE, Appellant.

Breaking and Entering Car: ADMISSION OF EVIDENCE: ERROR. In a prosecution for larceny, there was evidence of the finding
1 of a box of patent medicine and a box of candy in the possession of defendant in the house occupied by defendant and another, where the stolen property was found. There was no evidence that the medicine and candy were stolen, and the admission of the testimony that same were so found was prejudicial error.

Same. Where a witness for the state testified that she saw defendant in possession of a package of tobacco similar to the packages stolen, the defendant should have been permitted to state
2 where he got the same.

Same. The defendant occupied the house where the stolen property was found jointly with another, and it was error not to
3 permit him to state who occupied the rooms in which the stolen property was located.

Instruction: POSSESSION OF STOLEN PROPERTY. It is error to in-
4    struct the jury that possession of stolen property is of itself
*prima facie* evidence of guilt of breaking and entering to com-
mit larceny.

*Appeal from Blackhawk District Court.*—HON. FRANKLIN
C. PLATT, Judge.

FRIDAY, OCTOBER 17, 1902.

INDICTMENT charging defendant with the crime of
breaking and entering a railroad car with intent to commit
larceny. There was a verdict of guilty, and the defend-
ant, having been sentenced to a term in the penitentiary,
appeals.—*Reversed.*

*H. H. Bezold* and *Courtright & Arbuckle* for appellant.

*C. W. Mullan,* Attorney General, and *Chas. A. Van
Vleck,* Assistant Attorney General, for the State.

WEAVER, J.—The testimony tended to show that on
the night of May 8, 1900, a pail of "Sterling tobacco" was
stolen from a freight car on the Illinois Central Railroad
while in course of shipment from Dubuque to Claire, Iowa;
that the car in which the tobacco was being carried was
properly sealed at Waterloo, but on reaching Austinville,
in Butler county, was found to have been broken open;
that on reaching Ackley, in Hardin county, the contents
of the car were checked over, and a pail of Sterling tobacco
discovered to be missing; that on May 14th the pail of
tobacco was found upstairs in a house occupied jointly by
defendant and one Blanchard in the city of Waterloo; that,
before this discovery, defendant was seen to use tobacco of
the same kind or description as that which was stolen.

I.    Among the witnesses called by the state was one
Welch, a detective in the employ of the railroad company.

Welch, having been present at the time the sheriff searched the defendant's house and found the tobacco, testified that there was found in a private drawer belonging to defendant (not with the tobacco) two boxes,—one of patent medicine, and the other of candy. This evidence was admitted over the objection of the defendant, but no effort was made by the state to connect the possession of these goods in any manner with the theft of the tobacco, or the breaking of the car. At the close of the trial, the court withdrew from the consideration of the jury the testimony as to the "patent medicine and salted peanuts," but made no mention of the testimony relating to the candy. It is true, there was no evidence that the goods referred to were stolen, but it is perfectly clear that the testimony was offered for the purpose of having the jury infer that such was their character, and thereby strengthen the unfavorable inference arising from the presence of the tobacco in defendant's house. The incompetency, not to say unfairness, of such testimony, is too manifest for argument, and the withdrawal thereof should be as broad as the original statement: It is true, also, as contended by the state, we have recognized the rule that, where incompetent evidence has been received, its subsequent withdrawal or exclusion by the court will ordinarily cure the error. It is, however, a rule which may easily be abused,—especially in the trial of a criminal case, —and we are not disposed to extend it beyond the precedents already established. In our judgment, there was prejudicial error in the admission of the testimony referred to.

1. ADMISSION of evidence: prejudicial error.

II. A witness (Mora Colvin) testified for the state that in the month of May she was at the defendant's house, and saw him take from his pocket a small package of tobacco, resembling the packages with which the stolen pail was filled. The defendant, being thereafter a witness in his own behalf, was asked,

2. SAME: error:

in reference to the time mentioned by Miss Colvin: "If you did have a chew of Sterling tobacco in her presence within two or three days before the officers got this pail of tobacco at your home, where did you get this tobacco?" The state's objection that this question was "incompetent, irrelevant, immaterial, and argumentative," was sustained. We think the question should have been allowed. It was defendant's theory that, while he did have in his possession about that time a small quantity of Sterling toboacco, he obtained the same from a man in Waterloo, and there was some corroboration of his statement in that respect. It was competent, of course, for the state to show the use of Sterling tobacco by the defendant after the alleged crime was committed, as having some tendency to connect him with the commission of the offense; and, on the other hand, it was the right of defendant, if the tobacco seen in his hand by Miss Colvin was of that brand; to explain to the jury where he got it. It is not open to objection that the question is merely hypothetical or argumentative. It could scarcely be possible for the defendant to recall the circumstance of having taken a chew of a particular brand of tobacco in his own kitchen in the presence of the witness, and yet he may be able to say where he procured the article if it was in fact seen in his possession. In view of the other testimony admitted, tending, to some extent, to neutralize the prejudice arising from the ruling now under consideration, we should not be inclined to reverse the judgment below on this ground alone, and mention it here that the error may be avoided on a retrial.

III. As already stated, the defendant occupied the house where he lived, and where the tobacco was found, jointly with one Blanchard. The wife of Blanchard, being a witness for defendant, was asked (referring to the room where the tobacco was found), "Who occupied the upstairs of that house?" and the

3. SAME: ———

answer was excluded on the objection of the state that the question called for a conclusion. The objection should have been overruled. While the answer called for is in some sense a conclusion, it is one of those conclusions which so far partake of the nature of fact as to be admissible in evidence. To hold such evidence incompetent would "limit and hamper the introduction of evidence in a manner not contemplated by any rule of law of which we have any knowledge." *Yahn v. City of Ottumwa*, 60 Iowa, 432; Abbott, Trial Evidence (2d Ed.) 408. It was of importance to the defendant to show who in fact occupied the room in question. The state relied upon the finding of the tobacco there as the main support of its case, and if the defendant did not himself occupy it, or if such occupancy was shared with others, that fact would tend very materially to weaken the unfavorable inference against him.

IV. Exception is taken to several paragraphs of the court's charge to the jury, but we will confine our attention to the twelfth, which is as follows: "(12) The jury are instructed that when property which has been recently stolen, and is shortly afterwards found in the exclusive possession of a party, such fact is *prima facie* evidence of the guilt of such party so found in possession, of the felonious taking of such property, unless such possession is satisfactorily explained. Therefore if you find from the evidence, beyond a reasonable doubt, that on or about May 14, 1900, the defendant, Oliver Brundidge, was in the exclusive possession of the pail of tobacco, or part thereof, introduced in evidence, and that such pail of tobacco was one that had been taken from the freight car in question, you would be warranted in finding that the defendant feloniously took and stole the same, unless the evidence before you satisfactorily explains the possession of the defendant." This instruction seems to overlook the fact that defendant is not here

*4. INSTRUCTION: possession of stolen property.*

charged with stealing the tobacco, but with feloniously breaking and entering a railway car, and the attention of the jury is directed only to the circumstances under which they will be justified in finding, "that defendant feloniously took and stole the property." The distinction here ignored is one which jurors very easily fail to recognize in cases of this kind, when not guided by clear and apt instructions, and for that reason care should be taken to avoid any confusion of ideas as to the real issue to be determined. *State v. Tucker*, 76 Iowa, 232. Passing that feature of the instruction, it must be said that the rule stated by the trial court casts upon the defendant a heavier burden than the law, as approved by this court, will justify. The jury were told, in effect, that possession of the stolen goods was *prima facie* evidence of defendant's guilt, and, if such possession was established, they could upon that fact alone return a verdict of guilty, unless some satisfactory explanation was made. In the first place, whatever may be said as to the effect of possession of stolen goods upon a trial for larceny, it is not of itself *prima facie* evidence of guilt of breaking and entering to commit larceny. *State v. Brady* (decided at the present term) 91 N. W. Rep. 801; *State v. Shaffer*, 59 Iowa, 290; *State v. Jennings*, 79 Iowa, 516; *State v. Tucker supra*. It must not be understood from this statement of the law that such posssesion is not competent evidence from which, in view of all circumstances, the jury may find or infer guilt, but the rule we have adopted is that such fact does not in itself make a *prima facie* case for the state. Nor is the accused, even in cases of larceny, required to "satisfactorily explain" his possession of stolen goods, in order to avoid the conclusion of guilt. The most that can be required of him in such cases is that the circumstances be such as to raise a reasonable doubt whether the possession has been acquired otherwise than by the crime charged,

and, that being done, he will be entitled to an acquittal, even though the explanation be not entirely satisfactory. *State v. Manley,* 74 Iowa, 561; *State v. Kirkpatrick,* 72 Iowa, 500; *State v. Richart,* 57 Iowa, 245; *State v. Emerson,* 48 Iowa, 172; *State v. Peterson,* 67 Iowa, 564.; 1 McClain, Criminal Law, section 617. Referring to a somewhat similar instruction, in the *Manley Case,* we said: "Under it the jury were warranted in convicting the defendant on proof of the fact that he had the stolen property in his possession, unless he established to their satisfaction that he did not steal it. But that is not the rule. The defendant was entitled to an acquittal unless the jury could say, upon a consideration of all the evidence, that they entertained no reasonable doubt of his guilt. But a reasonable doubt may be engendered by evidence which does not satisfactorily establish the fact sought to be proven. If the evidence was sufficient to raise a reasonable doubt whether defendant received the property under the circumstances claimed by him, it necessarily raises such doubt as to his guilt, in so far as that question rests alone upon the fact of his possession." The announcement of the more stringent rule by the trial court could not have been otherwise than prejudicial to the defense,—a fact which will readily be apparent when we note that, aside from the finding of the tobacco in defendant's house, the case made by the state was wholly insufficient to sustain a verdict.

V. Appellant urges also that the court should have directed a verdict of not guilty on account of the insufficiency of the evidence. We must say that the case made by the state is by no means a strong one, but in view of the fact that the judgment must be reversed for the errors already pointed out, and the possibility that upon a retrial other evidence may be offered, we will not pass upon the point thus raised.

For the reasons stated, it is ordered that the judgment below be reversed, and the cause remanded for a new trial.—REVERSED.