## STATE OF IOWA v. GEORGE SWIFT, Appellant.

Burglary:  POSSESSION OF PROPERTY:  INSTRUCTION.  Where certain goods were stolen from a building by breaking and entering, proof of subsequent possession without reasonable explanation will support a conviction for the crime of breaking and entering, and an instruction embodying this rule is not open to objection.

Proof of Burglary:  CIRCUMSTANTIAL EVIDENCE.  It is not necessary for the state to produce a witness who actually saw the property taken at the time of the breaking and entering.  This fact like any other can be proved by circumstantial evidence, and where the circumstances shown are inconsistent with any other rational hypothesis than that the building was broken and entered with intent to steal and that the goods were stolen by breaking and entering, there should be a conviction on a charge of breaking and entering.

Possession as Evidence of Breaking and Entering:  INSTRUCTION.  The court instructed that the possession of the stolen goods, if unexplained, was sufficient to warrant the conclusion that the person having the possession broke and entered the building, unless the evidence left a reasonable doubt whether defendant might not have come "honestly" into such possession.  *Held*, the word "honestly", as used, could have no reference to obtaining goods in any other dishonest way than by breaking and entering, and therefore not prejudicial.

*Appeal from Pottawattamie District Court.*—HON. A. B. THORNELL, Judge.

THURSDAY, APRIL 9, 1903.

THE charge against defendant was that, with intent to commit larceny, he broke and entered a certain warehouse in the town of Avoca, which was used for the storage of beer.    Verdict for the state, and defendant appeals from the sentence imposed.—*Affirmed.*

*Roscoe C. Barton* and *A. L. Preston* for appellant.

*Chas. W. Mullan*, Attorney General, and *Chas. A. Van Vleck*, Assistant Attorney General, for the State.

McCLAIN, J.—The contention for the defendant is that he was convicted on evidence that a keg of beer taken from the warehouse in question was found in his possession soon after the building was broken and entered, and complaint is made of the instructions as to the effect which the jury might give to such evidence. This question has frequently been before the court, and in the recent case of *State v. Brundige*, 118 Iowa, 92, the previous decisions are referred to. It is not necessary, therefore, to again cite and discuss the previous holdings of this court as to the effect of evidence of recent possession of stolen property as tending to establish the guilt of the person having such possession, when placed on trial for the crime of burglary, committed as a part of the same transaction in which the property is charged to have been stolen. It is sufficient to say that the court is unequivocally committed to the position that, where it appears that certain

1. BURGLARY; possession of property: instruction

goods have been stolen from a building by breaking and entering, the proof of the subsequent possession, without reasonable explanation that the goods were obtained otherwise than in the commission of the crime of breaking and entering, will support a conviction for the latter crime. In some of the cases which we have heretofore considered, objection has been taken to the use in such connection of language indicating that proof of subsequent possession gives rise to the presumption of guilt, which it is for the defendant to overcome; but such an objection is not tenable to the instructions given in this case, by which the jury were told that "the fact of such possession, if unexplained, is sufficient to warrant the conclusion that the person having

such possession is the person who broke and entered the building," unless the evidence showing such possession leaves a reasonable doubt whether the defendant may not have come into possession of the goods otherwise than by breaking and entering. In some of the cases, also, the objection has been made that the instruction did not limit the effect of subsequent possession to a case where it was shown that the goods were obtained by means of the breaking and entering with which the defendant is charged. But here, again, the instructions are free from any possible complaint. They relate to a case where "property stolen from a building by breaking and entering such building is, soon after the larceny, found in the possession of such person." We cannot discover that the instructions in the case before us are open to any of the objections which have been raised in other cases of like character coming before us for consideration.

It is further urged, however, that, even if the instructions were correct, there was no evidence to sustain a conclusion on the part of the jury that the keg of beer found in defendant's possession had been obtained from the building in question by breaking and entering. It is certainly not necessary that the state be able to produce witnesses who actually saw the goods taken at the very time the breaking and entering were committed. Circumstantial evidence may establish this fact as well as any other fact in the case. When the jury are told that this essential fact must be found from the evidence, and they do find that the circumstances are inconsistent with any other rational hypothesis than that the building was broken and entered with the intent to steal the goods, and that such goods were stolen by breaking and entering, we see no reason why a conviction of the defendant should not be sustained, if there are circumstances which can reasonably be considered as supporting such a conclusion. That there are

2. PROOF OF burglary: circumstantial evidence.

such circumstances in this case is beyond question. The whole story of defendant and the person who was jointly indicted with him for the same crime—that they met a tall, slim man and a short, thick man, who although entire strangers to them, invited them to go and participate in the drinking of a keg of beer, and produced a keg of beer from a place near where the warehouse which was broken and entered was situated, and after carrying the keg to a suitable place, and enjoying a small portion, only, of the contents of the keg, left it with the defendant and his accomplice to finish—is too preposterous to be entitled to credence; and the fact that such a story was told, ingeniously, as it seems, to fit into the necessities of the case, might well be considered by the jury as pointing to no other conclusion than that the keg of beer which was found in the possession of defendant and his accomplice had been stolen from the warehouse by breaking and entering.

Error is assigned in the giving of the instruction relating to the subsequent possession of the stolen goods, in that the jury were told that the fact of such possession, 3. POSSESSION as evidence of breaking and entering: instructions: if unexplained, was sufficient to warrant the conclusion that the person having such possession was the person who broke and entered the building, "unless the evidence showing such possession leaves a reasonable doubt whether such person may not have come honestly into such possession"; the objection being to the word "honestly." If there were anything in the evidence to indicate that this word could possibly have reference to the obtaining of the beer in any other dishonest way than by breaking and entering, there would be some force in the objection. But it is perfectly clear that it has reference to the question whether the beer was obtained by breaking and entering, or not, and the jury could not have been misled. We are constrained to say, however, that the expression is an unfortunate one, and,

under some circumstances, might be misleading and pre-
judicial. But in the present case there was no possibility
of any misconception, and we hold that while the use of
the word "honestly" in such connection is not to be com-
mended, and may sometimes constitute prejudicial error,
it was not prejudicial error in this case.

The other assignments of error argued by counsel for
defendant do not require separate or extended discussion.
There was an instruction relating to the evidence as to an
alibi, which was correct, as far as it went, and was sufficient
to guide the jury in the consideration of such evidence.
No further instruction on that question having been asked,
there was no error committed in that respect. The rulings
on the admission of evidence which are complained of
were right, and, on the whole record, we are satisfied that
the judgment of the trial court should be sustained.—
AFFIRMED.