STATE OF IOWA, Appellee, v. GEORGE BARTLETT ET AL., Appellants.

**Larceny:** POSSESSION OF RECENTLY STOLEN PROPERTY. One in possession of recently stolen property is not required to make a "satisfactory" explanation of his possession, or to show that he came by it honestly, but, if his excuse or explanation is sufficient to raise a reasonable doubt of his guilt of the larceny, he is entitled to an acquittal.

**Indictment:** VARIANCE. There is not a fatal variance between an indictment charging that stolen goods belonged to the "Golden Eagle Clothing Store," in which name the business was conducted, and proof that the goods belonged to a partnership owning such store.

**Aiding and abetting:** INSTRUCTION. One cannot be convicted of larceny on the theory that he aided and abetted the commission of the offense, by proof simply that he had knowledge of the fact that the crime was in contemplation of the parties who actually stole the property, and an instruction so framed as to leave that impression with the jury is erroneous.

**Circumstantial evidence:** INSTRUCTION. Where the state relies wholly upon circumstantial evidence it is the better practice to instruct upon the nature and effect of such evidence, but omission so to do, in the absence of a request, is not ordinarily ground for reversal.

*Appeal from Monroe District Court.*— HON. M. A. ROBERTS, Judge.

TUESDAY, OCTOBER 17, 1905.

INDICTMENT charging defendant with larceny from a building in the daytime. Verdict and judgment of guilty, and defendant appeals.— *Reversed.*

*John F. Clarkson,* for appellant.

*Chas. W. Mullan,* Attorney General, and *L. De Graff,* Assistant Attorney General, for the State.

Weaver, J.— I. The indictment described the goods alleged to have been stolen as belonging to the " Golden Eagle Clothing Store." The testimony on the trial disclosed **2. Indictment: variance.** that the goods were owned by a partnership bearing the firm name of " Oppenheimer, Beeson & Morse Company," and appellant contends that the variance is fatal to the State's case. It is shown, however, without dispute, that " Golden Eagle Clothing Store " was the name in which the business was ordinarily advertised, the name in which the firm received and indorsed checks, and by which it was generally known. We think there is no variance to the prejudice of the substantial rights of the appellant, and the exception cannot be sustained.

II. The appellant was jointly indicted with three other defendants, and the testimony tended to show that the offense, if any, was committed by two or more persons, acting in concert. **3. Aiding and abetting: instruction.** Upon this feature of the case the court charged the jury as follows: " (7) If you find that said larceny was committed by some one of the defendants, then you must determine whether or not any of the other defendants was aiding and abetting the commission of said larceny; *that is, had knowledge of the fact that said crime was in contemplation by the party or parties who actually stole said property,* or that the same was being committed, and aided or assisted in the commission of said crime."

The objection made to this paragraph we are disposed to think is well taken. While we are very confident that the trial court did not mean to be understood as saying that mere knowledge by one of the defendants that the crime was in contemplation by the party or parties who actually stole the property would constitute an aiding or abetting of the crime within the meaning of the law, we feel equally certain that the use of the words we have italicized, in the manner and connection in which they are there employed, was well calculated to leave that wrong impression upon the mind of the

average juror. We are, perhaps, entirely safe in assuming that the court meant to be understood as saying that if either of the defendants had knowledge of the fact that the crime was in contemplation or that such crime was being committed, and, having such knowledge, aided or assisted in its perpetration, then such defendant was an aider and abetter within the contemplation of the law; but this, we think, it did not clearly say. That something more than knowledge that a crime is contemplated, and more even than mere personal presence at the time and place where a crime is committed, must be shown in order to charge one with complicity in the offense, is so well established that time need not be taken in further discussion of the proposition. *State v. Farr,* 33 Iowa, 553.

III. There was evidence tending to show that within a short time after the alleged larceny from the Golden Eagle Clothing Store some of the stolen goods were found in the

1. LARCENY: possession of recently stolen property.

possession of the defendants or some of them. The court charged the jury that, if these facts had been established, they would warrant a conviction of the defendants of the crime charged, " unless the facts and circumstances disclosed by the evidence raise in your minds a reasonable doubt as to whether they did not come honestly into such possession." Stating the proposition in other words, the jury were again told that if the goods were stolen from the store, and soon thereafter were found in defendant's possession, " such possession, if not satisfactorily explained, would justify the conclusion that the party or parties in possession committed the larceny."

Concerning the language here quoted, and to which exception is taken, we may say that the court adopted a form of expression, which, though inaccurate, has been so often made use of by both trial and appellate courts that we should be disinclined to reverse on that ground alone; but, in view of the fact that upon the whole record a new trial must be ordered, we take the opportunity to again call attention to

what we conceive to be the true rule in such cases, with a suggestion that it be observed upon a retrial of the case. It is not correct to say that one who is accused of larceny may be convicted upon proof of finding the recently stolen goods in his hands, unless he "satisfactorily explains" the incriminating circumstance, or unless the evidence be such as to raise a reasonable doubt whether he did or did not come "honestly into such possession." His explanation may not be "satisfactory," yet, if it be such as to fairly raise in the minds of the jury a reasonable doubt whether he had any guilty connection with the larceny, then he is entitled to the benefit of that doubt, and the possession of the stolen property will not in itself justify his conviction. So, also, he may have received the property from the thief, knowing it to have been stolen, but without having in any manner participated in or aided or abetted the larceny. In such case his possession would not have been "honestly acquired," but such possession would not justify his conviction of the larceny. See, directly in point, *State v. Hopkins,* 65 Iowa, 240; *State v. Manley,* 74 Iowa, 562; *State v. Kirkpatrick,* 72 Iowa, 500; *State v. Brundige,* 118 Iowa, 97; *State v. Brady,* 121 Iowa, 568, 569; McClain's Crim. Law, section 617.

IV. The testimony relied upon by the State to sustain a conviction as to some of the defendants, at least, is wholly circumstantial. The trial court did not define circumstantial evidence to the jury or give to them the usual

4. CIRCUMSTAN-
TIAL EVIDENCE: instruction that, in order to justify a convic-
instruction.

tion upon such evidence, the array of incriminating circumstances must be inconsistent with any reasonable theory of defendant's innocence of the crime charged. This failure is assigned as error. It is without doubt the proper and the better practice for the trial court to instruct the jury upon this subject in all cases depending upon circumstantial evidence, even though not specially requested to do so by the accused; but, in the absence of such request,

we are of the opinion that its omission is not ordinarily a ground for reversal.

For the reasons hereinbefore stated, the judgment appealed from is reversed, and the cause remanded to the district court for a new trial.— *Reversed.*