STATE OF IOWA v. CHARLES HAYWARD, Appellant.

**Criminal law:** LARCENY: PROOF OF VALUE: INSTRUCTIONS. Where all the evidence on a prosecution for larceny placed the value of the stolen property at more than twenty dollars, and the court charged that the state must prove the value beyond a reasonable doubt, there was no necessity for the court to further instruct that if there was a reasonable doubt as to the value it must be fixed at twenty dollars or less, and omission to do so was not erroneous.

**Same:** CIRCUMSTANTIAL EVIDENCE: INSTRUCTION. Where the evidence on a trial for larceny showed that defendant was at the place where the property was stolen from shortly before the larceny and that shortly afterward the property was found in his possession, and the court fully instructed on the effect of recent possession, failure to instruct with respect to circumstantial evidence was not erroneous, especially as there was no request therefor.

**Same:** RECENT POSSESSION: INSTRUCTION. An instruction that where the possession of recently stolen property is unexplained the presumption arises that the person in possession thereof is the one who committed the larceny, and in the absence of any explanation the fact of such possession is sufficient to warrant conviction, unless the facts and circumstances disclosing the possession and nature of it are such as to leave a reasonable doubt whether such person may not have come honestly into the possession of the property, is correct.

**Same:** PRESUMPTION OF INNOCENCE: INSTRUCTION. Where the court instructs that every material element of the crime charged must be proved beyond a reasonable doubt, this of itself pre-supposes the innocence of the accused, and there is no necessity for telling the jury that the law presumes every man. innocent until he is proven guilty.

**Same:** MISCONDUCT IN ARGUMENT. Misstatement of the record by the prosecuting attorney in argument is without prejudice, where, as in this case, the evidence was limited to proof of the fact that defendant was at the place of the larceny and shortly thereafter had possession of the stolen property.

**Same:** CONTINUANCE: ABSENT WITNESSES: DILIGENCE: EVIDENCE. An application for a continuance because of inability to procure witnesses must disclose a diligent effort to have them present at the trial, otherwise it should not be granted. Evidence of diligence held insufficient.

*Appeal from Pottawattamie District Court.*—HON. O. D. WHEELER, Judge.

TUESDAY, DECEMBER 12, 1911.

THE defendant was convicted of the crime of larceny, and appeals. *Affirmed.*

*W. H. Schurz,* for appellant.

*George Cosson,* Attorney-General, and *John Fletcher,* Assistant Attorney-General, for the State.

SHERWIN, C. J.—I. The indictment charged the larceny of a box of shoes of the value of $35. The undisputed evidence showed that there were at least twenty-four pairs of

1. CRIMINAL LAW: larceny: proof of value: instructions.

shoes in the box, and that they were of the value of $1.50 per pair. In a general instruction, the jury was told that to convict of the crime charged the state must prove the value of the shoes, and in another instruction it was said, in effect, that such value must be proven beyond a reasonable doubt. All of the evidence on the subject of value placed it at more than $30; and hence there was no occasion to instruct that if there was any reasonable doubt as to its value it must be fixed at $20, or less. *State v. Burton,* 103 Iowa, 28.

II. It is contended that the conviction depended upon circumstantial evidence, and that the court erred in not instructing thereon. No request of this kind was made, and

2. SAME: circumstantial evidence: instruction.

no instruction of the kind was necessary under the evidence. It was shown by the state that the defendant was at the place of the stealing shortly before the property was taken, and that the property was found in his possession a short time thereafter. There were only two circumstances before the jury tending to show the defendant's guilt; one was his presence at the scene of the theft, and the other was his possession of the stolen property. The court fully instructed on the effect of the latter circumstance, and we think that was sufficient.

III. It is urged that the court instructed that the possession of recently stolen property cast the burden on the defendant of showing that he acquired it honestly; but the counsel has evidently failed to carefully read the instruction complained of. The jury was told therein that, where

the possession of recently stolen property is unexplained, the presumption arises that the person in possession thereof is the person who committed the theft, and, in the absence of any explanation, the fact of such possession is sufficient to warrant a conviction, "unless the evidence and circumstances disclosing such possession and the nature of it are such as to leave in the mind a reasonable doubt whether such person may not have come honestly into the possession of such property." The rule announced in the instructions is clearly right, and has frequently had our approval. *State v. Kimes,* 145 Iowa, 346; *State v. Brundige,* 118 Iowa, 92; *State v. Peterson,* 67 Iowa, 564; *State v. Hopkins,* 65 Iowa, 240; *State v. Richart,* 57 Iowa, 245.

*3. SAME: recent possession: instruction.*

IV. Error is predicated on the failure of the court to instruct, without a request therefor, that the law presumes every man innocent until he is proven guilty. While such an instruction would have been proper, it was not necessary. The court instructed that every material element of the crime charged must be proven beyond a reasonable doubt, and this, in itself, presupposes the innocence of the accused. In addition to this, jurors of ordinary intelligence understand that in law every man is presumed to be innocent until proven guilty beyond a reasonable doubt.

*4. SAME: presumption of innocence: instruction.*

V. Complaint is made of statements of the county attorney in his argument to the jury, but we find nothing therein of a prejudicial nature, in view of the statements of the court to the jury. If an attorney misstates the record to the jury, particularly where the evidence is as limited as it was here, the jury will know it as soon as any one, and neither the attorney nor his cause will profit thereby.

*5. SAME: misconduct in argument.*

VI. The defendant was indicted on the 17th day of January, and pleaded not guilty on the 19th day of January, and on the 10th day of February the court assigned the case

for trial on the 14th day of February. On the 13th day of
February, the defendant asked a continuance,

6. SAME: continu-
ance: absent
witnesses: dil-
igence: evi-
dence.

because of his alleged inability to procure cer-
tain witnesses. The motion was overruled, and
the ruling is said to be reversible error.   In
his own affidavit in support of his motion for a continuance,
the defendant stated that he had been in custody on this
charge since the 28th day of November, 1910, over a month
and a half before the finding of the indictment, and that two
men, one of whom was with him when he was arrested on
the charge, and both residents of Omaha, Neb., were material
witnesses for him.   He made no statement that he had at-
tempted to procure their testimony.   His attorney also made
an affidavit as to the materiality of the testimony of these
witnesses, and stated further that he had been the defendant's
attorney since December 1, 1910, and had been unable to
locate the witnesses since the case was set for trial on the 10th
day of February.   Both counsel and the defendant stated
that they did not know the name of the express driver in
whose conveyance and presence the defendant was arrested
on the 28th day of November.   Clearly there was no showing
of diligence, and the court rightly overruled the application
for a continuance.

VII.   We think the evidence sufficient to sustain the
verdict, and the judgment is therefore *affirmed.*