STATE OF IOWA, Appellee, v. WARD REBBEKE, Appellant.

CRIMINAL LAW: Harmless Error. An instruction correctly stat-
1   ing that defendant admitted the possession of the property in
    question on a Sunday and Monday is not rendered prejudicially
    erroneous by giving to said days an incorrect date.

CRIMINAL LAW: Inaccurate Instructions. An inaccurate instruc-
2   tion will not constitute prejudicial error, when the record and
    instructions as a whole demonstrate that the jury could not
    have been misled. So held where the court, in instructing as
    to two facts, either of which constituted a complete defense,
    joined the clauses by the conjunctive "and," instead of the
    disjunctive "or."

*Appeal from Marshall District Court.*—B. F. CUMMINGS,
Judge.

JULY 6, 1920.

DEFENDANT was convicted of grand larceny, and appeals
from the judgment of the court sentencing him to imprison-
ment in the penitentiary at Fort Madison.—*Affirmed.*

*R. P. Scott,* for appellant.

*H. M. Havner,* Attorney General, and *F. C. Davidson,*
Assistant Attorney General, for appellee.

STEVENS, J.—The indictment charged the defendant with
the larceny of a Ford automobile, on or about the 19th day
of July, 1919. The record contains only the evidence of the

1. CRIMINAL
LAW: harm-
less error.

defendant, but it is set out in full, in the
form of questions and answers. . From his
testimony it appears that, for some time
prior to the above date, he worked on a farm

between Grundy Center and Gladbrook, and that, on Sunday morning, July 20th, he went to Marshalltown, where he remained until about 2 o'clock Monday morning. He further testified that he traded another automobile, then in possession of a third party at Grundy Center, and $15, to a stranger at Marshalltown, for the automobile in question; that negotiations for the trade were begun in the courthouse yard about 5 o'clock, and terms finally agreed upon about 10 o'clock P. M.; that the stranger claimed to reside at Conrad, a village between Marshalltown and Grundy Center; that, by mutual arrangement, they agreed to go together to Conrad in the automobile; that, about 2 o'clock A. M., after spending some hours about the street, waiting for the stranger to come with the automobile, they left Marshalltown, and, when they arrived at Conrad, the defendant, who had been sleeping in the rear seat of the car, was awakened by the stranger, to whom he paid the $15 agreed upon; that the stranger then departed, and defendant has known nothing since of his whereabouts; that the defendant proceeded to Grundy Center, where he arrived about 5:30, and, in an hour or so, was arrested.

I.   The sole reliance of appellant for a reversal is upon two alleged errors, in one paragraph of the court's charge to the jury. The court instructed the jury that it was admitted by the defendant that he was in the possession of the automobile on the night of Sunday, the 19th, and the morning of Monday, the 20th of July. The complaint urged against this part of the instruction is that Sunday was not the 19th, but the 20th, and Monday the 21st of July; that the defendant did not admit that he had possession of the automobile Sunday night, and that the evidence shows that he did not receive possession thereof until 5 o'clock Monday morning. So far as disclosed by the record, the only testimony introduced upon the trial as to the time the defendant obtained possession of the car is that of himself. He admitted that he and the stranger referred to rode about the streets of Marshalltown for a short time, for the purpose of demonstrating the condition of the automobile. The wit-

ness went into considerable detail in regard to the alleged transaction with the party of whom he claimed to have received the car. This testimony does not appear to have been contradicted by other witnesses, and, if the offered explanation was accepted by the jury, it was quite immaterial whether he obtained possession before midnight on Sunday, or about 5 o'clock Monday morning. The material fact admitted by him was the recent possession of the property. While the court was mistaken as to the dates, the days of the week were correctly stated. The jury could not have misunderstood the time, nor been misled in any way by this part of the instruction, nor the defendant prejudiced thereby.

II. The court, in another paragraph of the same instruction, in substance charged the jury that, if the statements of the defendant, accounting for the possession of the car, were believed, *and* if the same raised a reasonable doubt as to his guilt, he should be acquitted. The criticism of this part of the instruction is of the use of the conjunction "and," italicized above, instead of the disjunctive "or." The rule in this state undoubtedly is that, if the evidence offered in explanation of the recent possession of stolen property leaves a reasonable doubt in the minds of the jury as to whether the defendant came into possession thereof, he is entitled to an acquittal. *State v. Hayward,* 153 Iowa 265; *State v. Kimes,* 145 Iowa 346.

2. CRIMINAL LAW: inaccurate instructions.

The court specifically charged the jury, in this instruction, that, if the statements of defendant accounting for the possession of the automobile raised a reasonable doubt as to his guilt, he should be acquitted. This statement was, however, preceded by the words, "if you believe the statement of the defendant," followed by the conjunction "and." Counsel argues that the instruction was misleading and prejudicial, for the reason that, under it, to raise a reasonable doubt in the mind of the jury, it must first believe the explanation of the defendant. It must have been apparent to the jury, under this instruction and the charge as a

whole, that, if the defendant told the truth, he came honestly into possession of the automobile, and that an acquittal must follow, as a matter of course. The explanation, if believed, conclusively established innocence; and, if it raised a reasonable doubt in the mind of the jury as to the guilt of the defendant, it was its duty to acquit. The closing language of the instruction was as follows:

"On the other hand, if you are satisfied, after hearing his [the defendant's] testimony, and from the whole evidence in the case, beyond a reasonable doubt, that the defendant is guilty as charged, then it is your duty to so find."

In an earlier paragraph, the court had given the usual instruction as to the presumption of innocence and the burden of proof. While the language of the instruction is not technically accurate, yet, when the charge is construed as a whole, it is not lacking in clearness. The defendant admitted, upon cross-examination, that he pleaded guilty to a felony in Illinois, and later served for a time in a penitentiary in Minnesota. The explanation volunteered by him of his possession of the automobile was far from convincing. The jury manifestly was satisfied that he was not telling the truth. The record does not disclose that any prejudicial error was committed, and the judgment of the court below is—*Affirmed.*

WEAVER, C. J., LADD and GAYNOR, JJ., concur.