STATE OF IOWA, Appellee, v. H. D. IVEY, Appellant.

**CRIMINAL LAW:** Evidence—Weight and Sufficiency—Circumstantial
1 **Evidence.** A jury need not be informed that a cause rests *solely* on circumstantial evidence. Ample instructions for the weighing of such evidence are all-sufficient.

**LARCENY:** Evidence—Recent Possession Creates No Presumption. It
2 is error to instruct that recent possession of stolen property creates a *presumption* of guilt; likewise, error to instruct that such possession can be overcome only by showing that the defendant came into such possession honestly and in good faith.

**WITNESSES:** Cross-Examination. Record reviewed, and *held* that
3 certain testimony was properly excluded, as not cross-examination.

*Appeal from Chickasaw District Court.*—W. J. SPRINGER, Judge.

JUNE 22, 1923.

THE defendant was indicted and tried for the larceny of a Ford touring car, and convicted.—*Reversed.*

*J. E. Williams* and *M. F. Condon,* for appellant.

*Ben J. Gibson,* Attorney-general, *Maxwell A. O'Brien,* Assistant Attorney-general, *John H. Howard,* County Attorney, and *M. E. Geiser,* for appellee.

FAVILLE, J.—One Justen is a farmer, living near the town of Fredericksburg, in Chickasaw County. He was the owner of a Ford touring car. On the evening of July 29, 1921, he drove the touring car to the town of Fredericksburg, and left the same standing on one of the streets. About midnight, when he went to look for said car, he found that it had been stolen. He did not discover the car until the following November, when he found it in the possession of one Gerkey, at Eldora, in Hardin County. The engine numbers on the car had been changed. Gerkey had purchased the car in the month of August, at Eldora, from one Alberry. It was the contention of the State that Alberry purchased the car on July 30, 1921, from the appellant, who was accompanied at that time by another party, whom he introduced to Alberry as R. L. Davis. At that time, the registration certificate showed that the car had been registered in the name of R. L. Davis, at Spencer, Clay County, on July 19, 1921. There was evidence that the appellant obtained this registration certificate at Spencer on July 19, 1921, and signed and swore to the necessary affidavit, giving his name as R. L. Davis, and his residence as Spencer, and stating that the car which he desired to have registered had been purchased by him in Minnesota, and bore a Minnesota number. The appellant, as a witness in his own behalf, denied having been in Spencer on the day indicated, or that he had signed the affidavit referred to. He likewise denied having sold the car to Alberry, but admitted being in Eldora at that time, and claims that he saw the car sold to Alberry by a man named R. L. Davis, but denies having

had any part in the transaction. He denied that he had gone under the name of Larson in Algona in August of 1921, and the State, in rebuttal, offered the evidence of a witness who testified that he made application for an automobile license at Algona in August, 1921, and gave the name of Larson at said time.

I. It is contended by the appellant that the court erred in failing to instruct the jury that the State's case rested wholly upon circumstantial evidence.

1. CRIMINAL LAW: evidence: weight and sufficiency: circumstantial evidence.

The court fully and correctly instructed the jury in regard to the law pertaining to circumstantial evidence. It was not reversible error for the court to fail to tell the jury that the State's case rested entirely upon circumstantial evidence. There was no claim by the State that there was any direct evidence of the appellant's guilt. The case was tried on the theory that a conviction must rest, if at all, wholly on circumstantial evidence, and the court instructed fully on that subject-matter. The appellant is in no position to complain, under such a situation, because the court failed to tell the jury that the State's case rested wholly on circumstantial evidence. See *State v. Grba,* 196 Iowa 241. The instructions in the case must all be read together, and when they are so read, there was no error therein on the subject of circumstantial evidence of which the appellant can complain.

II. The court gave the jury the following instruction:

"If you find, from the evidence, beyond a reasonable doubt, that the car in question was stolen in Chickasaw County, Iowa,

2. LARCENY: evidence: recent possession creates no presumption.

and you further find that, at Eldora, Iowa, when said car was being sold, and the money was paid therefor, that at said time the defendant was in possession of said automobile, then the presumption arises that said automobile was stolen by the defendant; but this presumption may be overcome by the defendant, showing that he came into the possession thereof honestly and in good faith."

Two matters in this instruction are subject to criticism. One is the use of the expression that a *"presumption* arises that the automobile was stolen by the defendant," because of posses-

sion; the other is the statement that "this presumption may be overcome by the defendant, showing that he came into the possession thereof *honestly and in good faith.*"

It is not correct to say that the unexplained possession of recently stolen property "is sufficient to raise a *presumption* of defendant's guilt." What the court doubtless meant was that a "permissible inference" may arise from the possession of recently stolen property that the one in such possession is guilty of the larceny.

At no stage of the proceedings does the law raise a "presumption" of the guilt of a person charged with crime, nor does it ever cast upon him the burden of satisfying the jury of his innocence. A "permissible inference" of guilt may be drawn from certain established facts, such as the unexplained possession of recently stolen property, but no "presumption" of guilt arises therefrom. At all times, and throughout the case, the burden rests upon the State to establish the guilt of the defendant beyond a reasonable doubt. It may be true that, in some of our earlier decisions, we have tolerated the use of the word "presumption," in instructions on this subject, where it appeared from all of the instructions in the case that the jury would understand that the word "presumption" was used in the sense of "permissible inference," and where the proper burden was placed upon the State throughout to establish the guilt of the defendant beyond a reasonable doubt. But in our later cases, we have expressly disapproved of such an instruction. In *State v. Kimes*, 145 Iowa 346, in criticising an instruction in this form, we said:

"The law never presumes the guilt of any person charged with crime, and never casts upon him the burden of satisfying the jury of his innocence. It authorizes the jury to find the fact of guilt from a given state of circumstances, but it does not command such a finding."

We also discussed the matter in *State v. Bricker*, 178 Iowa 297. We cannot approve of an instruction in this form.

In said instruction the court also used this language:

"But this presumption may be overcome by the defendant, showing that he came into the possession thereof honestly and in good faith."

This, in effect, not only told the jury that the possession of recently stolen property raised a presumption of guilt, but required the defendant to prove his innocence by establishing that he came into possession of the recently stolen property "honestly and in good faith." This was clearly erroneous. A defendant who is charged with larceny, and who the State proves had the possession of recently stolen property, is not charged with the burden of satisfying the jury that his possession was acquired "*honestly and in good faith.*" He may have acquired the possession unlawfully, or even criminally, and still not be guilty in any way of the larceny with which he is charged in the indictment. He may have had no connection whatever with the larceny, and yet have received the property, knowing it to have been stolen. In such event, he could not be indicted for the crime of larceny. He may have stolen it himself from the thief who committed the larceny originally. In such event, his possession would not be honest and in good faith; but such possession, although dishonest and unlawful, would not support a verdict of guilty of the larceny for which he was being tried. Furthermore, the facts and circumstances may show that the defendant did not come into possession of the property honestly and in good faith, and yet leave a reasonable doubt in the minds of the jury as to whether or not he committed the larceny; and if such reasonable doubt exists, he is entitled to acquittal. The most that can be required of the defendant in such circumstances is to raise a reasonable doubt whether the possession has been acquired otherwise than by the crime charged. We have uniformly condemned an instruction of this kind in cases of this character. See *State v. Richart,* 57 Iowa 245; *State v. Hopkins,* 65 Iowa 240; *State v. Manley,* 74 Iowa 561; *State v. Kirkpatrick,* 72 Iowa 500; *State v. Brundige,* 118 Iowa 92; *State v. Brady,* 121 Iowa 561; *State v. Bartlett,* 128 Iowa 518; *State v. Kimes,* supra; *State v. Hayward,* 153 Iowa 265; *State v. Swift,* 120 Iowa 8; *State v. Bricker,* supra.

In *State v. Harris,* 194 Iowa 1304, we recently had before us an instruction very similar to the one now under consideration, both in respect to the "presumption" from the possession of recently stolen property and the "burden" to explain such possession, and also in regard to the requirement of establishing

the "honesty" of acquisition of possession of the property. The discussion in said case is very pertinent to the situation in the case at bar. The instruction complained of was clearly erroneous in both particulars to which we have referred.

III. The witness Alberry identified the certificate of registration which was on the car at the time he purchased it. On cross-examination, he was asked to examine the opposite side of the exhibit and state whether or not Davis had

3. WITNESSES: cross-examination. assigned the certificate to him. This was objected to as not proper cross-examination; that it was not part of the exhibit identified by the witness in chief. The objection was sustained, and we think properly so.

Other errors relied upon for reversal are either not argued, or are referred to only in the reply brief. Under such a situation we are not required to consider them. *State v. Thomas,* 173 Iowa 408; *Dodge v. Grain Shippers' Mut. L. Ins. Assn.,* 176 Iowa 316; *Hallgren v. Des Moines City R. Co.,* 174 Iowa 568; *Thompson v. Romack,* 174 Iowa 155; *King v. Chicago, R. I. & P. R. Co.,* 185 Iowa 1227. We have, however, examined each and all of them, and find no merit therein.

The judgment appealed from is—*Reversed.*

PRESTON, C. J., EVANS and ARTHUR, JJ., concur.