FRANCISCO MARTINEZ v. THE STATE.

THEFT FROM A HOUSE—EVIDENCE.—An indictment for theft from a house cannot be sustained by proof that the stolen property was taken while hanging at and outside of the store door, on a piece of wood nailed to the door, facing and projecting towards the street.

APPEAL from Bexar. Tried below before the Hon. George H. Noonan.

T. G. Anderson and Shecks & Sneed, for appellant.

Browne, for the State.

REEVES, ASSOCIATE JUSTICE.—The only question in this case is presented in the brief for the State: "Is an indictment for theft from a house sustained by proof that the stolen property was taken while hanging at and outside of the store door, on a piece of wood nailed to the door, facing and projecting towards the street?"

Burglary at common law is an offense against the security of the habitation; the protection of the property being an incident, not the leading object.

The precinct of the dwelling, the place where the occupier and his family resided, included only such buildings

as were used with and appurtenant to it, and these only, were the subjects of burglary at common law; and to constitute this offense there must have been an actual or constructive breaking and entry into the house.

The English definition of burglary has been modified by statute in this and in other States so as to include offenses committed in the day time as well as in the night, under certain circumstances and in other buildings than the dwelling-house. The idea of regarding the house as a place of security for the occupants and a place of deposit for his goods underlies all these statutes. By our code burglary is constituted by entering a house by force, threats, or fraud at night, or in like manner by entering a house during the day and remaining concealed therein until night, with the intent in either case of committing a felony. (Pas. Dig., art. 2359.) It is not necessary that there should be any actual breaking, except when the entry is made in the day time. (Arts. 2360, 2361.)

The code provides different degrees of punishment for theft committed in certain specified places, and for simple theft without regard to place. The article under which the defendant was indicted is as follows : "If any person shall steal property from a house in such manner as that the offense does not come within the definition of burglary, he shall be punished by confinement in the penitentiary not less than two nor more than seven years." (Art. 2408.) Where the house entered is a dwelling-house, the punishment of burglary is imprisonment in the penitentiary not less than three nor more than ten years. Where the house entered is not a dwelling-house, the punishment is not less than two nor more than five years. In these cases the punishment is greater than that for theft in general, as defined by the code, where the property is under the value of twenty dollars.

We are of opinion that the goods were not under the protection of the house, so as to make the taking theft

from a house in the meaning of the statute, and that the defendant was only liable to the punishment prescribed for simple theft.

The goods were not deposited in the house for safe custody, but the witness says they were hanging out to attract customers or purchasers.

The statutes of the States cited in the brief of counsel in general punish theft in a house, while other statutes referred to punish theft from a house as does our code, and they seem to use these terms as meaning the same thing. A different rule would not admit of any definite application.

A construction that would make the stealing of goods while exposed on the street, and not in the house, the same offense as stealing from the house, would be to lose sight of the distinction between different offenses and the different grades of punishment, and would introduce a latitude of construction too uncertain to be followed in the administration of the criminal laws.

The judgment is reversed and case remanded.

REVERSED AND REMANDED.