ISAAC MIDDLETON, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

To take and carry away a bale of cotton from in front of a warehouse where valuable goods were stored, with intent to steal the same, does not constitute the offense of larceny from the house. The evidence must show that the property alleged to have been stolen was in some house and that it was taken by the defendant therefrom.

Criminal law. Larceny. Before Judge SCHLEY. Chatham Superior Court. November Special Term, 1873.

For the facts of this case, see the decision.

PHILIP M. & R. WAYNE RUSSELL, by HENRY B. TOMPKINS, for plaintiff in error.

ALBERT R. LAMAR, solicitor general, by R. H. CLARK, for the state.

WARNER, Chief Justice.

The defendant was indicted for the offense of "larceny from the house," and on the trial thereof the jury, under the charge

of the court, found the defendant guilty. A motion was made for a new trial on the ground of error in the charge of the court to the jury, and because the verdict was contrary to law and the evidence, which motion was overruled and the defendant excepted. The defendant is charged in the indictment with having taken and carried away from the warehouse of the prosecutor one bale of cotton, the said warehouse being a place where valuable goods were stored, with intent to steal the same. The evidence in the record shows that the bale of cotton was not *in* the warehouse, but *outside* of it, in an alley way. The court charged the jury "that if they found from the evidence that the bale of cotton was in front of the warehouse and under its control and protection, it would be the same criminally as if within its walls, and would be a taking from, upon the same basis as if a storekeeper places goods in front of his store, and a thief take them therefrom, it would be larceny from the house." The 4413th section of the Code defines larceny from the house to be the breaking or entering any house with intent to steal, or after breaking or entering said house, stealing *therefrom* any money, goods, clothes, wares, merchandise, or any thing or things of value whatever. The 4414th section defines the penalty for stealing *in* any of the houses described in that section. Simple theft or larceny is the wrongful and fraudulent taking and carrying away by any person, of the personal goods of another, with intent to steal the same: Code 4393. The distinction between simple larceny and larceny from the house will be readily perceived. The evidence in the record before us does not show that the defendant was guilty of the offense of larceny from the house, inasmuch as it does not show that the cotton alleged to have been stolen was *in* any house, or that it was taken by the defendant *therefrom.* The charge of the court, in view of the evidence contained in the record, was error.

Let the judgment of the court below be reversed.