# Lynch *v.* The State.

*Indictment for Larceny from Warehouse.*

1. *Larceny from warehouse; variance.*—A conviction can not be had under an indictment charging the larceny of a trunk from a warehouse (Code, § 3787), on proof that the trunk was taken from an open passage-way at a railroad depot, as at the Union depot in the city of Montgomery, extending between the baggage-room and the reception-room, and under a common roof with them, not inclosed on any side, but open and free at all times for use by the public, trunks being placed there to be checked before removal to the cars; nor can a conviction for larceny be had, under such indictment, on proof of these facts. (STONE, C. J., dissenting as to the latter proposition.)

FROM the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

The indictment in this case charged that the defendant, Gilbert Lynch, "feloniously took and carried away from a warehouse one trunk, of the value of $50, the personal property of John M. Johnson;" or, as charged in the other counts, of the Western Railway Company, or the Central Railroad & Banking Company. On the trial, as appears from the bill of exceptions, the State proved that the defendant took up a trunk from the platform at the Union Depot in the city of Montgomery, which had been checked for the Selma train, placed it on his hack, and attempted to drive off with it; and the proof as to the attendant circumstances is thus stated: "The trunk had been a short time before in the baggage-room, had been checked by the depot-agent to Selma, and placed on the platform, a few feet from the door of the baggage-room, awaiting the departure of the Selma train. Said platform extends from the baggage-room to a reception-room for passengers, and is covered by a shed or single roof attached to the baggage-room, but is not inclosed on either side, and is used as a common passage-way to all persons going about the depot. The public has access to this platform. The baggage-room·is a building inclosed on all sides, with a door opening on said platform; and the whole, the baggage-room and the passage-way, are under the same roof. The baggage-room is used for the storage and safe-keeping of trunks, or baggage; and the

[Lynch v. The State.]

trunk alleged to have been stolen had been stored in said room, and was there checked, and then placed on said platform, a few feet from the door, to be forwarded to Selma on the next train." After the State had closed, the defendant moved to exclude the evidence from the jury, on the ground that the place from which the trunk was taken was not a warehouse; and he excepted to the overruling of his motion. The court charged the jury, "that the baggage-room, as described by the witnesses, was a warehouse within the meaning of the statute; and that if the trunk was feloniously taken and carried from the place it occupied on said platform, a few feet from said baggage-room, this would constitute larceny from a warehouse." To this charge the defendant excepted.

JOHN G. FINLEY, for the appellant, cited *Hagan v. State*, 52 Ala. 373; 2 Bouv. Law Dic., 799.

WM. L. MARTIN, Attorney-General, for the State.

McCLELLAN, J.—A warehouse is defined to be "a place adapted to the reception and storage of goods and merchandise."—2 R. & L. Law Dict., p. 1344; 2 Bouv. Law Dict., p. 799. A cellar, used merely for the deposit of goods intended for removal and sale, is a "warehouse" within the statute of 7 and 8 Geo. 4, defining burglary.—*Regina v. Hill*, 2 M. & R. 458.

The term "warehouse," as employed in the Kentucky statutes against larceny, means any house, not an office or shop, in which goods, wares and merchandise are usually deposited for safe-keeping, or for sale, and includes a granary built and used for keeping and preserving farming utensils and the like.—*Ray v. Commonwealth*, 12 Bush (Ky.), 397.

This court has said, that in construing the word "warehouse," as used in the penal statute concerning larceny from it and other like structures, the legislature must be held to "have had in contemplation in making the enactment such warehouses as they and our people are familiar with throughout the State," which would include "a covered structure used for storing cotton bales, one side and end of which were planked up, and the others left open so that wagons could drive under to load and unload, which, together with two acres of land connected with it, is inclosed by a plank fence nine feet high, the gates of which are kept locked."—*Hagan v. State*, 52 Ala. 373.

[Lynch v. The State.]

To these several definitions we may add further, that to our minds the term necessarily involves the idea of an inclosure of some sort, some kind of structural barrier to the ingress of the public, designed to afford protection to the goods deposited therein, and to contribute to their safe-keeping. The open, uninclosed, though covered place disclosed in the facts of this case, to which the public had unobstructed access, and which was "used as a common passage-way to all persons going about the depot," where, indeed, all persons had a right and were expected to go, in leaving or approaching railway trains, was not a warehouse within any of these definitions, or within the letter or spirit of the statute under which the indictment was drawn. The charge of larceny from a warehouse could not be supported by proof of larceny from this place. There was a fatal variance between the allegation and the evidence, and the defendant's motion to exclude the evidence should have been sustained.—*Henry v. State*, 39 Ala. 679.

The judgment can not be helped by reference to the fact, that the indictment sufficiently presents the charge of grand larceny, without the averment as to the warehouse. In that aspect, the latter averment becomes a matter of unnecessary particularity in the description of the offense; but, not being laid in such a way, as under a *videlicet*, as to show that it is not intended as an affirmative averment, it must be proved as laid, though the indictment would have been good without it.

The judgment of the City Court is reversed, and the cause remanded.

STONE, C. J.—I can not agree that there is such a variance between the offense charged, and that which the testimony tends to prove, as to preclude a conviction of larceny on the present indictment. I think the less grave offense, larceny, is necessarily included in that preferred by the jury—larceny from a warehouse.—Code of 1886, § 4490; *Henry v. State*, 33 Ala. 389; *Hudson v. State*, 34 Ala. 253; *Allen v. State*, 58 Ala. 98.