STATE OF IOWA, Appellee, v. F. McDERMET, Appellant.

**Criminal law:** LARCENY: INDICTMENT. Breaking and entering is not
1  an ingredient of the crime of larceny under Code, section 4833, and need not be alleged in the indictment; nor need it be alleged that the taking was done unlawfully and wilfully; it is sufficient to state that defendant did feloniously take, steal and carry the property away.

**Same:** VALUE OF PROPERTY: EVIDENCE. Where stolen property has no
2  market value because of use, its cost when purchased may be considered in fixing the value when stolen.

**Larceny:** INSTRUCTIONS. An instruction which properly defines lar-
3  ceny, which is a correct statement of the law as far as it goes and which is applicable to the facts, is sufficient, in the absence of a request for further instructions.

**Same.** The instructions in the instant case are held to properly direct
4  the jury as to the included offense of petit larceny.

**Same:** POSSESSION OF STOLEN PROPERTY. An instruction that recent
5  possession of stolen property is *prima facie* evidence of the possessor's guilt of the larceny, and will support a conviction unless the other evidence raises a reasonable doubt of guilt, is held to

have been correct, when taken in connection with another instruction to the effect that defendant need not prove his possession to the satisfaction of the jury, but if his explanation is sufficient to raise a reasonable doubt of guilt they should acquit.

*Appeal from Marshall District Court.*— HON. J. M. PARKER, Judge.

TUESDAY, APRIL 7, 1908.

DEFENDANT was indicted, tried, and convicted of the crime of larceny from a building, and from the judgment imposed appeals.— *Affirmed.*

*J. L. Carney,* for appellant.

*H. W. Byers,* Attorney General, and *Chas. W. Lyon,* Assistant Attorney General, for the State.

DEEMER, J.— Defendant was accused of stealing a suit case and its contents from the depot of the Chicago & Northwestern Railway, in the city of Marshalltown, and upon trial was found guilty of the offense charged. The

1. CRIMINAL LAW: larceny: indictment.

indictment was found under section 4833 of the Code of 1897, which reads as follows: " If any person in the daytime commit larceny as defined in the preceding section, and the value of the property stolen exceeds twenty dollars, he shall be imprisoned in the penitentiary not more than five years; and when the value of the property stolen does not exceed twenty dollars, be fined not exceeding two hundred dollars and imprisoned in the county jail not exceeding one year." The preceding section reads: " If any person in the nighttime commit larceny in any dwelling house, store or any public or private building, or in any boat, vessel or watercraft, when the value of the property stolen exceeds the sum of twenty dollars, he shall be imprisoned in the penitentiary not exceeding ten years; and when the value of the property stolen does not ex-

ceed twenty dollars, be fined not exceeding three hundred dollars and imprisoned in the county jail not exceeding one year." The allegations of the indictment, so far as material, are " that the said McDermet on or about August 21, 1907, in the daytime of said day, . . . and in and from a certain building, . . . one suit case of the value of $14, etc., all of which property was of the aggregate value of $132.50, of the goods and chattels of one Condon, feloniously did take, steal, and carry away." This indictment is challenged because it does not allege that defendant broke and entered the place in question, and fails to charge that the taking was done feloniously, unlawfully, and wilfully. There is no merit in either contention. As to the first, breaking and entering is not an ingredient of the offense under the statutes quoted. The second point is not tenable, for it is charged that defendant did feloniously take, steal, and carry away the property. This is all that an indictment need state to charge the crime of larceny. 1 McClain's Criminal Law, section 610.

II. The property stolen was largely wearing apparel, and the court over defendant's objection permitted the owner to state the cost thereof. The clothing had been worn and
2. SAME: value of property: evidence.
had no market value, and in such cases the cost or value when purchased is to be considered in fixing its actual value when taken. *Pratt v. State,* 35 Ohio St. 514 (35 Am. Rep. 617) ; *Cooksie v State,* 26 Tex. App. 72 (9 S. W. 58).

III. Among others the trial court gave the following instructions: " Larceny is the felonious stealing, taking, and carrying away of the personal property of another. If
3. LARCENY: instructions.
the defendant actually took into his hands the property named in the indictment, and lifted it from the place where the owner had placed it so as to entirely remove it from the place where it was put, he is guilty of larceny. As to the place from which it is claimed said property was stolen, you are instructed that if you do

not find beyond a reasonable doubt that said defendant took said property from said Union Depot at Marshalltown, as charged in the indictment, but if you do find beyond a reasonable doubt that defendant took and carried away said property from a place outside of any building, then your verdict should be guilty of larceny, fixing therein the value of the property stolen." It is contended in this connection that these instructions were insufficient in view of the charge in the indictment to cover the offense. With this we cannot agree. So far as they went, they were good, and, as applied to the facts disclosed, are unobjectionable. Defendant asked no instructions, and, in the absence of request, these instructions were as specific as the case demanded.

As it is claimed that the trial court did not charge as to included offenses we here set forth a part of the eighth and a part of the fifteenth instructions, which read as follows:

4. SAME.

(8) If you have a reasonable doubt from all the evidence as to the value of the property being greater than $20, then you should find the value of the property to be $20 or less. If the jury are not satisfied from the evidence beyond a reasonable doubt that the value of the property stolen exceeds the amount of $20, then you should find the value at some lesser amount as to which you are satisfied beyond a reasonable doubt. As to the place from which it is claimed said property was stolen, you are instructed that if you do not find beyond a reasonable doubt that said defendant took said property from said Union Depot at Marshalltown, as charged in the indictment, but you do find beyond a reasonable doubt that defendant took and carried away said property from a place outside of any building, then your verdict should be guilty of larceny fixing therein the value of the property stolen.

(15) Attached hereto are three forms for your verdict. If you find the defendant guilty as charged in the indictment, you will use the first form for your verdict, filling in the blank left for that purpose the amount you find the stolen property to have been worth, as you have heretofore been instructed, at the time it was stolen, and one of you sign the

verdict as foreman. If you find the defendant guilty of larceny from a place not in any building, you will use the second form for your verdict, filling in the blank the amount you find the property stolen to have been worth at the time of the theft, and one of you sign it as foreman. If you find the defendant not guilty, you will use the third form for your verdict, and one of you sign it as foreman.

These quotations from the record are a sufficient answer to defendant's contention.

IV. The instructions as to the possession of property recently stolen read in this wise: " (4) The court instructs the jury that the possession of stolen property soon after the commission of the theft is *prima facie* evidence that the person in whose possession it is found is guilty of the wrongful taking, and is sufficient to warrant a conviction, unless the other evidence in the case or the surrounding circumstances are such as to raise a reasonable doubt of such guilt. If there is a reasonable doubt you must acquit. (5) You have heard the testimony of the defendant in explanation of his being found in the place in question where the suit case was left, and you are instructed that it is not necessary for the defendant to explain to your satisfaction his possession of the property, if he was in possession of it, and that he came by it honestly. If the explanation he has given is sufficient to cause you to have a reasonable doubt as to his guilt, and if under all the evidence in this case you have such a reasonable doubt, then you should acquit the defendant." The last instruction was given at defendant's request, and the first, taken in connection with the last is not erroneous. *State v. Loomis,* 129 Iowa, 141; *State v. King,* 122 Iowa, 1; *State v. Richart,* 57 Iowa, 245.

5. SAME: possession of stolen property.

V. Insufficiency of the testimony to support the verdict is also relied upon. In view of this claim, we have gone over the record with care, and find ample to support the verdict.

No error appears; and the judgment must be, and it is, *affirmed.*