### 1167.　HUTCHINGS v. THE STATE.

The evidence authorized the verdict, and it was not error to overrule the motion for new trial.

Indictment for larceny from house, from Polk superior court—Judge Edwards. April 15, 1908.

Submitted June 9,—Decided June 18, 1908.

*Janes & Hutchens, J. A. Wright,* for plaintiff in error.

*W. K. Fielder,* solicitor-general, contra.

RUSSELL, J. This case has been to this court before, and may be found reported in 3 *Ga. App.* 299 (59 S. E. 848). On the second trial, which is now the subject-matter of review, the plaintiff in error was convicted of larceny from the house; and he excepts to the judgment overruling his motion for new trial. The evidence adduced upon the trial was sufficient to authorize the conviction. According to the testimony in behalf of the State, the defendant was seen at a late hour in the night in the barn-yard of the prosecutor and near his corn-crib, in which was a quantity of corn in the ear and shelled corn. When the defendant discovered that his presence was observed he ran. He had a sack or bag upon his shoulder, and, as he ran, the contents of the sack rattled like shelled corn would rattle under such circumstances. In running the defendant encountered a barbed-wire fence, and in getting out of the barn-yard he left on the wire fence pieces of his pants and shirt. The prosecutor had for some time been missing corn from the crib, and some of his family and friends were engaged, on the night in question, in endeavoring to ascertain who was the thief. Some of the witnesses were near the defendant's house and had ascertained that he was not at home, and when he went to his house they followed him, and upon getting him to come out they discovered that his pants and shirt were torn, as if by a wire fence, and later the pieces of cloth taken from the fence were found to fit and correspond exactly with the rents in his garments. Near the barn a sack of corn was discovered, which a witness said was dropped by the defendant as he ran away that night. And about a week later a sack of corn in the ear was discovered in some weeds in the barn-yard, where it had evidently been for some days, because its condition gave evidence of the fact that it had been rained upon, and the grains of corn had begun to swell.

Counsel for the plaintiff in error insist that the evidence is insufficient to prove the larceny, because the barn was fastened in the same way it had been left by the prosecutor when he last entered the corn-crib, and because the evidence does not show that the prosecutor missed any corn or that any was taken from the barn. It is insisted that the defendant should not have been convicted of larceny from the house, for the reason that the testimony does not show that the defendant ever entered the barn. In the absence of any evidence that the barn was fastened in any extraordinary way, we can not attach any importance to the fact that it appeared that the door and its fastenings were in the same condition after the supposed larceny that they were before. If the door was secured by a bar from the outside, or a bolt, or a button, and corn was really taken from the house, nothing would be easier or more natural than for the thief to fasten the door just as he found it and as it was ordinarily secured. The prosecutor says that he missed corn that night and had been missing it for some time, and he further testified that he had stacked quite a quantity of oats the evening before in the barn. He testified that when he entered the barn after the supposed larceny, these oats had been knocked down and thrown into disorder. Under the testimony of the prosecutor, there is evidence, both direct and circumstantial, that corn was taken from his barn, and circumstantial evidence that some one entered his barn. We quite agree with the learned counsel for the plaintiff in error that it is incumbent upon the State to show that the property alleged to have been stolen was in fact stolen,—in other words, it is essential that the corpus delicti be established. But we think that the circumstances were sufficient to satisfy the jury (to the exclusion of any other reasonable supposition) that corn was stolen from the barn. The jury had to settle, by the testimony in the case, the question as to whether it was the same corn as that alleged in the indictment. We think that the jury were fully authorized by the circumstances detailed by the witnesses, to find that the sack dropped by the defendant was a sack of corn, and as the corn in the sack and the corn in the crib were testified to be of the same quality and identical in appearance, and it does not appear from the evidence that the defendant had any reason either for being in prosecutor's horse lot or at his barn, or why he should have been in possession of

any corn at that hour in the night or at that particular place—the conclusion is irresistible that the defendant is guilty as charged.

The corpus delicti can be proved by circumstantial as well as by direct proof. One accused of crime should never be convicted upon mere suspicion; and where circumstantial evidence alone is relied upon, the evidence must be so strong as to remove every other reasonable hypothesis than that of the defendant's guilt. Yet when circumstances are sufficiently proved, which point so strongly to a defendant's guilt .as to demand an explanation and which are not explained (though they could be explained if the defendant were innocent), we will not say that a jury is not authorized to convict.

The cases cited by counsel for plaintiff in error to sustain his contention that the corpus delicti was not established in this case are not in point. In *Wiley* v. *State,* 74 *Ga.* 840, the defendant was charged with stealing one kind of hog, and the prosecutor testified to the loss of a hog with different marks from the one which the defendant was accused of stealing. The conviction was set aside in *Middleton* v. *State,* 53 *Ga.* 248, because the cotton alleged in the indictment to have been in a certain warehouse was proved to have been outside of the house, and consequently a conviction of larceny from the house was unwarranted.

In *Hand* v. *State,* 110 *Ga.* 257 (34 S. E. 286), the case of larceny from the house failed because there was no evidence that the gold bullion had ever been kept in the test-house mentioned in the indictment, and no evidence that the company had lost any gold bullion.

As we have stated above, the prosecutor in the present case testified positively that he had missed corn from the particular corn-crib on the occasion of which he was testifying.

*Judgment affirmed.*