THE STATE OF IOWA, Appellee, v. W. L. CARTER, Appellant.

**Larceny:** INDICTMENT: AGGRAVATING CIRCUMSTANCES: PREJUDICE. The several sections of the Code relating to larceny do not define different crimes or degrees of larceny, but this effect is obtained by varying the punishment according to the circumstances connected with the commission of the offense; so that where an indictment alleges with reasonable certainty that defendant took, stole and carried away the goods of another the crime of simple larceny is charged, and if additional facts aggravating the offense are also alleged a greater punishment may be imposed; but if the aggravating circumstances are not sufficient to warrant an increased punishment and a verdict of guilty is returned, the conviction for simple larceny is valid, and no prejudice results to the accused by the insufficiency of, the matter alleged in aggravation.

**Same.** An indictment charging larceny in a building without stating whether the crime was committed in the night or daytime, will be treated as charging the less serious offense, and will be held a sufficient accusation of larceny in the daytime.

**Same:** INSTRUCTION. Where the evidence in a prosecution for the larceny of an engine showed it to be of considerable weight, and defendant sought to explain his possession by showing that he purchased it from one who delivered it to him at his farm but had since disappeared, an instruction that in order to convict it was not necessary to show that defendant had stolen it unaided, but that it would be sufficient if he aided, encouraged, assisted or abetted the act, was not subject to the objection that there was no evidence as to how the larceny was committed, or that more than one person had part in it.

**Same:** REASONABLE DOUBT. Where the entire charge of the court makes it plain to reasonable minds that if the evidence as a whole, or any part of it, has the effect to raise a reasonable doubt of defendant's guilt he should be acquitted, a single paragraph, when standing alone, from which it may be inferred that if defendant's explanation of his possession of the stolen property raises a reasonable doubt of his guilt he should be acquitted, is not objectionable as casting upon defendant the burden of proving his own innocence.

**Same:** POSSESSION OF RECENTLY STOLEN PROPERTY: INFERENCE. Although the possession of another, shown to have interposed between the larceny and the possession of defendant, is a circumstance in his favor and may control the unfavorable inference arising from his possession, still, where, as in this case, the defendant claims to have purchased the property from a third person, neither found nor produced as a witness, the jury may find the claim unreasonable and refuse to give it credence; or if the possession in the third person is fully established the circumstances of its transfer to defendant may indicate his complicity in the theft; and in such cases the usual inference arising from possession of recently stolen property obtains.

**Same.** Where a defendant in a prosecution for larceny has given a reasonable explanation of his possession of the stolen property, it is competent for the State to show the falsity of the account; but the absence of a counter showing does not of a necessity require an acquittal, for the jury is left to pass upon the reasonableness of the explanation and may reject it as unworthy of belief although not contradicted.

**Same:** INSTRUCTION: DEFINITION. Where the court in simple larceny, following the language of the statute, told the jury that the State must show beyond a reasonable doubt that defendant did take, steal and carry away the property as charged, the material elements of the offense were sufficiently defined without a further technical definition.

*Appeal from Polk District Court.*—HON. W. H. McHENRY, Judge.

· SATURDAY, JUNE ·5, 1909.

REHEARING DENIED, TUESDAY, OCTOBER 26, 1909.

INDICTMENT for larceny from a building. Verdict of guilty. Judgment of imprisonment not to exceed the term of five years. Defendant appeals.—*Affirmed.*

*O. M. Brockett,* for appellant.

*H. W. Byers,* Attorney-General, and *C. W. Lyon,* Assistant Attorney-General, for the State.

WEAVER, J.—Omitting the formal allegations, the crime charged against the defendant is stated in the indictment as follows: "The said W. L. Carter, on or about the 10th day of December, A. D. 1907, in the county of Polk, in the State of Iowa, did then and there, in a certain building of the Des Moines Implement Company, willfully, unlawfully, and feloniously steal, take, and carry away one gasoline engine, the more particular description of which engine is to the grand jury at this time unknown, of the value of $180 in lawful money of the United States, and being then and there of the personal property, goods, and chattels of the said Des Moines Implement Company; the more particular statement of the facts constituting the offense herein charged as to the time, place, and manner of the commission thereof being to the grand jury at this time unknown." The evidence tends to show that on or about December 10, 1907, a certain gasoline engine, owned by and in the possession of the Des Moines Implement Company, was stolen from its building in Des Moines by some person, or persons. About three

months thereafter a gasoline engine, identified by the State's witnesses as the one stolen from the Implement Company, was found in the possession of the defendant at his home near Des Moines. Other circumstances were shown on the trial tending to indicate defendant's complicity in the alleged theft, while he on his part introduced testimony tending to rebut the case made by the State, and to explain his possession of the engine and establish his innocence of the crime charged against him. Objection in due form was also raised to the sufficiency of the indictment.

I. The point made against the indictment is that there is no such crime as "larceny from a building" as distinguished from simple "larceny." Code, section 4831, defines simple larceny as the act of stealing, taking, and carrying away the goods or chattels of another, and provides a maximum penalty of five years' imprisonment in the penitentiary, where the value of the property stolen exceeds $20, and a fine of $100, or imprisonment in the county jail for thirty days, when the value of such property does not exceed $20. Code, section 4832, provides an increased penalty for larceny committed in a building in the nighttime, and Code, section 4833, provides that larceny committed in a building in the day shall be punished by a maximum imprisonment for five years, where the property stolen exceeds $20 in value, and where such value does not exceed $20, the punishment is by fine not exceeding $200, and imprisonment in the county jail not exceeding one year.

1. LARCENY: indictment: aggravating circumstances: prejudice.

It will be noticed by reference to the indictment that the larceny of the engine in question is charged to have been made "in a building," but does not allege whether it was committed in the nighttime or in the daytime. If the three sections of the statute were to be construed as defining three different crimes, there would be much

strength in the position taken by counsel, but such we think is not the force and effect of the language employed. The crime defined in each instance is larceny. Under the criminal law of this State we have no degrees of larceny by names or number, but the same effect is obtained by varying the severity of the punishment accordingly as certain specifically described circumstances do or do not accompany the commission of the offense. If, therefore, the indictment alleges with reasonable certainty that accused feloniously took, stole, and carried away the goods or chattels of another, it charges the offense defined by section 4831. If, in addition to such charge of larceny, it alleges facts which, if proved, will justify the increased penalty provided in another section, such punishment may be imposed, but if the additional allegation is insufficient to make the case one calling for the increased penalty, and a verdict of guilty is returned, we are unable to see any logical ground for denying the validity of the conviction as one for simple larceny, or for saying that the accused has suffered any prejudice by reason of the unsuccessful attempt of the State to allege and prove matters of aggravation. A statement of facts constituting the commission of the crime, with aggravating circumstances increasing the maximum limit of punishment, certainly includes a statement of facts constituting the simple offense without aggravation, and failure to prove the matters of aggravation leaves the accused still liable to conviction for the simple offense, if the testimony be sufficient to sustain the verdict. *State v. Ensley,* 10 Iowa, 149; *State v. Gaffeny,* 66 Iowa, 262; *State v. Maxwell,* 42 Iowa, 208; *State v. Nordman,* 101 Iowa, 446.

Thus far we have considered the indictment upon the assumption of counsel that the words "in a building" add no material allegation to the indictment. It will be conceded that the allegation would have been in better form if the pleader had added

2. SAME.

thereto the words "in the nighttime" or "in the daytime," according as he expected to show by his evidence. But we are not prepared to say that their omission is sufficient to invalidate a conviction thereunder of larceny in the daytime. A larceny committed in a building must necessarily have been committed either in the daytime or in the nighttime, and we think it no violation of the rules of criminal pleading which prevail in this State to say that the allegation of larceny "in a building," without alleging the time of its commission, will be treated as a charge of less serious offense. In the case before us it is not material upon which theory the case is disposed of. The maximum punishment of simple larceny of property exceeding $20 in value is five years, and the maximum punishment of larceny in a building in the daytime of property exceeding $20 in value is precisely the same. The verdict finds the defendant guilty of larceny of the engine, and assesses its value in excess of $20, and under our maximum sentence statute the judgment entered must be the same in either case. In our judgment the indictment is not open to the objection urged. The charge as stated is in our judgment a sufficient accusation of larceny in the daytime. *State v. Jordan,* 87 Iowa, 89. Counsel question the authority of the case here cited, insisting that the question there discussed was not before the court. We have not tested this criticism by the original record; but, even if the point was not there involved, we think the reasoning of the court was logically sound.

II. The court charged the jury that, in order to be convicted of the alleged larceny, it was not necessary that defendant be shown to have stolen the engine by his own

3. SAME: instruction.

unaided hand, but it would be sufficient if the jury should find, beyond a reasonable doubt, that he aided, encouraged, assisted, or abetted the criminal act. Error is assigned upon the giving of this particular instruction, not because it is not absolutely cor-

rect as a proposition of law, but because counsel say there was no evidence whatever how the alleged larceny was committed, or that more than one person had any part in it. We think the instruction was not inappropriate to the case as made by the evidence. The alleged stolen engine is shown to have weighed from three hundred and fifty to four hundred pounds, and to have been taken out of a warehouse, where it was being kept for sale by the owner. These circumstances, if found by the jury, would justify the conclusion that the theft had not been accomplished by a single unaided person. Moreover, defendant sought to explain his possession by showing that he purchased the engine from one Gifford, who delivered it at defendant's farm, and has since disappeared from the country. If the jury believed that Gifford did in fact deliver the engine to defendant, it was still open to inquiry whether the transaction was a *bona fide* purchase by the latter, or was part of a plan by which to consummate and perfect a larceny in which both were implicated. There was no error in the instruction.

III. The court gave the ordinary instruction as to the effect of the possession of recently stolen property, and told the jury that, if defendant's explanation of his

4. SAME: reason-
able doubt.

possession of the engine after its theft was such as to raise a reasonable doubt in their minds if his guilt of the crime charged, they should give him the benefit of the doubt, and return a verdict of not guilty. This language is criticized as limiting the question of reasonable doubt to such doubt as might be created by the defendant's explanation of his possession of the engine, and not to doubt arising in the mind of the jurors from a consideration of the entire case, thus placing the defendant to the unjust disadvantage of being compelled to prove his innocence, and relieving the State from its proper burden of proving his guilt. If we were to confine our inquiry in this respect to the particular para-

graph of the charge mentioned in the exception, there would be very substantial ground for the objection raised by counsel, but, taking the charge as a whole, the jury as reasonable men could not have been misled upon the fundamental proposition that, if the evidence as an entirety, or any part of it, had the effect to raise or leave in the mind of the jurors any reasonable doubt of defendant's guilt, he was entitled to an acquittal. Instructions substantially such as was given in this case have often been held sufficient. *State v. Peterson,* 67 Iowa, 564; *State v. Swift,* 120 Iowa, 8; *State v. Hessians,* 50 Iowa, 135.

It is said in argument that this rule has no application where the evidence shows without dispute that some other person had the stolen property in possession after the larceny, and before it came into the possession of the defendant. We find no authority stating the alleged exception to the rule in these or equivalent terms. True, if the possession of another is interposed between the theft and the possession of the defendant, it is a fair and proper circumstance to be considered in his favor, and may sometimes be a controlling circumstance, tending to destroy or diminish the unfavorable inference which might otherwise be indulged in. But the story of an alleged purchase from a third person, not found or produced as a witness, though uncontradicted by direct evidence, may in itself be so unreasonable, or so out of the usual order of business transactions, that the jury may properly discredit it, or if such prior possession in another be fully established, the circumstances of its transfer to the defendant may be so suspicious as to indicate the latter's complicity in the theft. The effect of testimony of this character, and the extent to which it rebuts the inference of guilt from recent possession of fruits of the crime, is for the jury.

We are cited also to authorities holding that, when

5. SAME: possession of recently stolen property: inference.

the accused gives a reasonable explanation of his posses-
sion of the stolen property, it becomes incumbent upon the
State to show the falsity of the account.
**6. SAME.**
This may be conceded, but it remains for
the jury to say whether the explanation offered is reason-
able and credible; and, if the account is rejected as in-
trinsically unworthy of belief, the absence of any counter-
showing by the State does not necessarily require a verdict
of acquittal. The charge as given by the court sufficiently
states the law on this feature of the case.

IV. It is further claimed that the court failed to
state to the jury the material elements of the offense
charged against the defendant. The jury were told that
the State was required to show, beyond a
**7. SAME:**
**instruction:**   reasonable doubt, that defendant did take,
**definition.**
steal, and carry away the gasoline engine
mentioned in the indictment. The court did not under-
take to define this phrase as a lexicographer might do, but
none of the words are of such technical or unusual char-
acter as would seem to call for minute definition. The
definition of larceny as thus given by the court is in the
language of the statue. The words employed are in daily
and common use, and the jury may be presumed to under-
stand them without special instruction. If there was any-
thing in the present case which, in the opinion of defend-
ant or his counsel, rendered it important that the jury
be instructed with greater technicality upon the definition
and elements of the crime, a request therefor would doubt-
less have been granted. *State v. Penney,* 113 Iowa, 697;
*State v. Clark,* 78 Iowa, 493. Where the charge is of
more complicated and technical character, as for instance
larceny by embezzlement, or larceny by a bailee, it may
readily be that more detailed and specific instructions
would be so clearly necessary that their omission would
be error, but a case like the one at bar, where, if the de-
fendant is guilty at all, he is guilty of larceny in the

ancient, usual, and simple sense of stealing, taking and carrying away, great refinement of definition tends to obscurity rather than clearness of understanding.

V.  'Other instructions are challenged, and exceptions have been preserved to ruling upon the admission of evidence.  Some of the points thus made are ruled adversely to the defendant by the conclusions already announced, while others are not of such importance as to justify us in prolonging this opinion for their discussion.  We have examined them all, and find no prejudicial error in them. It is also contended that the evidence is insufficient to support a verdict of guilty.  The objection cannot be upheld. The case was clearly one for the jury, and we find no reason for setting aside its finding.

The judgment of the district court is *affirmed.*