(89 South. 504)

**DRIVER et al. v. STATE.  (5 Div. 800.)**

(Supreme Court of Alabama.   June 23, 1921.)

Larceny ⟐20—Property stolen from porch or gallery is not stolen from "dwelling house."

Property stolen from a porch or gallery of a dwelling house is not stolen "from or in any dwelling house" within Code 1907, § 7324, denouncing as grand larceny the stealing of personal property of the value of $5 or more "from or in any dwelling house."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Dwelling—Dwelling House.]

Certiorari to Court of Appeals.

Petition of Luther Driver and Enoch Mims for certiorari to the Court of Appeals, to review and revise the judgment of said court rendered on the appeal of Luther Driver and Enoch Mims against the State. Writ awarded, and cause reversed and remanded.

Hill, Hill, Whiting & Thomas, of Montgomery, and Grady Reynolds, of Clanton, for appellants.

The court erred in holding that the taking from a porch of a dwelling house was grand larceny, irrespective of the value. 39 Ala. 680; 201 Ala. 388, 78 South. 450; 193 Ala. 456, 69 South. 545; 186 Ala. 561, 65 South. 333; 70 Ala. 8, 45 Am. Rep. 67; 6 Ala. 855; 104 Ala. 315, 16 South. 123; 89 Ala. 18, 7 South. 829. Counsel discuss other matters, not necessary to be here set out.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

No brief came to the Reporter.

ANDERSON, C. J. Section 7324 of the Code of 1907, in defining grand larceny among other things, says, "or from or in any dwelling house." The form of indictment, No. 64, is, "A. B. feloniously took and carried away from a dwelling house and," etc. The Court of Appeals finds, and so states, that the cotton was taken, not from within the house, but from the porch or gallery of same. So the question is: Was taking the cotton therefrom grand larceny, irrespective of the value of same, within the contemplation of section 7324 of the Code of 1907?

In the case of Henry v. State, 39 Ala. 679, this court, in construing section 3170 of the Code of 1852, which reads as follows: "Any person who commits larceny in any dwelling house and," etc.—held that taking clothes from the banisters of a piazza was not grand larceny within the terms of the statute. "Dwelling house," as used in this connection, was there defined, and the purpose of same as well as the property it was intended to protect was discussed. The case of Point v. State, 37 Ala. 148, was also cited approvingly, wherein it was held that a piazza, though a part of the dwelling house for certain purposes, was not deemed the dwelling house within the statute under consideration and that the taking must be such as would amount to burglary had the entry been with force. In said Point Case it was said:

"The sanctity which the place throws over property which is under its protection, magnifies the offense, and constitutes it a felony, irrespective of the value of the property stolen."

The words "dwelling house" as thus used have received a well-known meaning, and excludes an open porch or piazza attached thereto, and used as an entrance into the house, and we do not think that taking the cotton from the porch in question was grand larceny under the statute, regardless of the value of same. True, the statute as it then appeared was changed by the inclusion of the word "from" in the alternative with "in" as appearing in the Code of 1886, § 5049, and as it appears in the present Code, but we do not think that this change indicated a legislative intent to change the spirit or purpose of the law as set forth in our for-

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

mer decisions. Indeed, the form of' the indictment is the same now as it was under the Code of 1852, as considered in the Henry Case, and the change made in 1886 was for the evident purpose of harmonizing the statute with the form so as to avoid a variance under the intimation of Moore v. State, 40 Ala. 49, and which was unsuccessfully invoked in the case of Bailey v. State, 99 Ala. 146, 13 South. 566, wherein the Moore Case was qualified, and it was, in effect, held that "from" included "in," and there was no material variance between the statute and the form. We do not, therefore, think that this slight change in the Code of 1886 was intended to change the purpose and intent of the statute as construed. and announced in the Henry and Point Cases, as well as the later case of Lynch v. State, 89 Ala. 18, 7 South. 829.

The writ of certiorari is awarded, the judgment of the Court of Appeals is reversed, and the cause is remanded to said court for the further consideration and disposition of same in conformity with this opinion.

Writ awarded, and reversed and remanded.

All the Justices concur.