STATE OF IOWA, Appellee, v. ALBERT LAWSON et al., Appellants.

**LARCENY: Definition—Sufficiency.** Under a prosecution for "larceny in the nighttime" (Sec. 4832, Code, 1897), it is not error to define larceny without reference to the element "in the nighttime," it appearing that the jury was, in other instructions, clearly informed of the particular offense lodged against the defendant.

**CRIMINAL LAW: Accomplices—Instructions.** It is not erroneous to instruct a jury in a larceny case that "all persons concerned in the commission of an offense * * * are * * * tried * * * as principals," without modification to the effect that the mere subsequent *receipt* of the stolen goods would not render the accused guilty of larceny, when such modification was very clearly indicated in subsequent instructions.

**LARCENY: Recent Possession—Presumption.** Reversible error results from instructing that the possession of recently stolen property raises a presumption that the possessor stole the property.

*Appeal from Warren District Court.*—LORIN N. HAYS, Judge.

OCTOBER 23, 1923.

ALBERT Lawson, Fred Beeson, and Harry Grimm were jointly indicted. The indictment charges the crime of larceny from a building in the nighttime. Lawson and Beeson entered pleas of "not guilty," and demanded trial separate from de-

fendant Harry Grimm. Lawson and Beeson only were tried in this case. The jury returned a verdict of guilty of the crime charged, and fixed the value of the property stolen at $400. Judgment was entered on the verdict, sentencing each of the defendants to the penitentiary at Fort Madison for a period of not to exceed ten years. Defendants appeal.—*Reversed and remanded.*

*J. O. Watson,* for appellants.

*W. M. Wilson,* County Attorney, and *Ben J. Gibson,* Attorney-general, for appellee.

ARTHUR, J.—I. No question is raised as to the sufficiency of the evidence to support the verdict, and it is unnecessary to set forth the evidence and facts claimed to have been proved. The assignments of error relied upon for reversal are lodged at certain instructions given by the court, consideration of which assignments follows.

II. The indictment charges the crime of larceny from a building in the nighttime. In Paragraph 4 of the instructions, the court defined larceny. The definition in this instruction does

1. LARCENY: definition: sufficiency.

not deal with the phrase "in a building in the nighttime," contained in the indictment, and appellants assign as error such omission. Appellants complain of the instruction because it defines larceny only, and tells the jury that such is the crime for which defendants are indicted, and fails to tell the jury that defendants are indicted and placed on trial for an aggravated form of larceny, to wit, "larceny in a building in the nighttime," and because in said instructions were stated the elements of the crime of larceny only, and they did not give the elements of the offense for which defendants were indicted.

Code Section 4831 defines larceny. Code Section 4832 does not reiterate the definition of larceny given in Section 4831, but states that:

"If any person in the nighttime commit larceny in any dwelling house, store, or any public or private building, * * * when the value of the property stolen exceeds the sum of twenty

dollars, he shall be imprisoned in the penitentiary not exceeding ten years.''

Section 4831, after defining larceny, provides that, when the value of the property stolen exceeds $20, the punishment shall be imprisonment in the penitentiary for not more than five years. The crime charged in both Sections 4831 and 4832 is larceny. The facts of the time and place of the commission of the offense affect only the degree of punishment which shall be imposed. *State v. Elsham,* 70 Iowa 531; *State v. Carter,* 144 Iowa 280.

The indictment was set out in the instructions. We think there could be no misunderstanding on the part of the jury as to the fact that the defendants were on trial for the crime of larceny in a building in the nighttime. It was not necessary to inform the jury what is meant by the phrase ''in a building in the nighttime.'' It was not necessary for the court to give definition or explanation to the jury of terms employed in an indictment which are stated in ordinary language, and in such a manner as to enable a person of ordinary understanding to know what is charged. *State v. Bresee,* 137 Iowa 673. If definition or explanation further than given in said Instruction 4 were required, we think it adequately appears in Instructions 5 and 6. All of the instructions must be construed together in determining the correctness of one of them. *State v. Hall,* 168 Iowa 221; *State v. Cooper,* 169 Iowa 571.

In Instruction 5, the court told the jury:

''If you believe from the evidence in this case, beyond a reasonable doubt, that the crime of larceny was committed by the stealing of the automobile tires described in the indictment, or some part of them, and belonging to M. A. Art, and contained in his garage at Hartford, Warren County, Iowa, at the time and in the manner substantially as charged in the indictment, and you further find beyond a reasonable doubt and under these instructions that the defendants Albert Lawson and Fred Beeson committed the crime, substantially as charged in the indictment, then, in such case, you should convict said defendants of the crime as charged in the indictment.''

In Paragraph 6, the court used this language:

''In determining whether or not the defendants are guilty

of the crime as charged in the indictment, it will be proper for you to take into consideration the place from which the property in question was taken, if the property was so taken; the time when the property was taken, whether in the daytime or at night," etc.

In fact, the court required the jury to find beyond a reasonable doubt that the crime of larceny was committed from a building,—the certain garage mentioned in the indictment,—in the nighttime. We find no error at this point.

III.   Appellants complain of Instructions Nos. 6 and 11.

In Instruction 6, the court enumerated matters for the jury to take into consideration in determining whether or not the defendants were guilty of the crime charged in the indictment, and among them mentioned "in whose posses-

2. CRIMINAL LAW: accomplices: instructions.

sion the property was found at the time it was found, and the manner and circumstances surrounding the finding of the property, * * * the claim, if any, that the defendants made to the property when it was found, and what they may have said or did concerning their possession of the property at the time, how they came into possession of it, * * * and if, after you have carefully considered all of these facts, including the defendants' explanation of their possession of the property and their right to it, you then have no reasonable doubt as to the defendants' guilt, then you should convict them. * * * If, however, after you have considered all of these matters, including the fact, if it be a fact, that the stolen property, as charged in the indictment, was found in the possession of the defendants, and their explanation of their recent possession, you then have reasonable doubt of the defendants' guilt, then you should acquit them."

Instruction No. 11 explained to the jury "that all persons concerned in the commission of a public offense, whether they directly commit the act constituting the offense or aid and abet in its commission, though not present," are, under our statutes, tried and punished as principals.

Appellants' particular objection to Instruction No. 6 is that it should have explained to the jury that the mere receiving of stolen goods by defendants, without prior participation in or aiding in the commission of the offense, would not make them an

accessory before the fact, as defined in Instruction No. 11; and criticism is made of Instruction No. 11 because said instruction is misleading, without an explanation that aiding, if it took the form of merely receiving the stolen property, without prior participation in the crime, would not make appellants accessories before the fact. The instructions, as a whole, clearly required the jury to find, in order to convict, that appellants personally took and carried away the property involved, from the garage where it was stored, or aided and abetted in such theft. Defendants testified in their own behalf, and gave their explanation of their possession of the property. It is immaterial that their explanation may tend to show them guilty of receiving stolen property, if it also tends to connect them with the crime with which they are charged,—larceny. We think said instructions not open to the criticism made. *State v. Seitz*, 194 Iowa 1057.

IV. Appellants complain of Paragraph 7 of the court's instructions concerning recent possession of stolen property. Instruction 7 reads:

"If you believe, from the evidence submitted upon the trial of this case, beyond a reasonable doubt, that the crime of larceny was committed at the time and place substantially as charged in the indictment, and you further find beyond a reasonable doubt that, shortly thereafter, the property was stolen, or some part of it was found in the possession of the defendants, then the law presumes that the parties in whose possession the property was found are the parties who stole the property and, if their possession is unexplained, such possession, if recent, will be sufficient to warrant a conviction. If, however, such possession is explained, and, after hearing the explanation, you entertain a reasonable doubt as to the defendants' guilt, you must acquit them; but if, after hearing such explanation, you have no such reasonable doubt, then you should convict them."

3. LARCENY: recent possession: presumption.

This instruction is subject to just criticism. The possession of recently stolen property does not raise a presumption of guilt which a defendant in a criminal case must overcome. We have expressly so held in *State v. Tucker*, 76 Iowa 232; *State v. Kimes*, 145 Iowa 346. In *State v. Kimes*, supra, we considered an instruction similar to the one under consideration in the instant

case, and held it to be erroneous. We recently had the question before us in *State v. Ivey*, 196 Iowa 270, where we again held that an instruction to this effect was erroneous.

We see no escape, under our previous holdings, from the conclusion that the giving of this instruction constituted error prejudicial to appellants, necessitating reversal of the case. The case is—*Reversed and remanded*.

PRESTON, C. J., EVANS and FAVILLE, JJ., concur.