STATE OF IOWA, Appellee, v. SAMUEL MORRISON, Appellant.

No. 43106.

4

FEBRUARY 18, 1936.

Charles P. Knox, for appellant.

Edward L. O'Connor, Attorney General, and Lehan T. Ryan, Assistant Attorney General, for appellee.

MITCHELL, J.—The county attorney of Madison county, Iowa, filed an information, charging W. R. McLuen and Samuel Morrison with the crime of larceny from a building in the nighttime.

Morrison filed a demurrer, in which he alleged that the information accused him of a crime which is not known to the statutes of the state of Iowa, and that it does not substantially conform to the requirements of the Code. The demurrer was overruled, and the defendant then entered a plea of not guilty.

There was evidence offered and the case submitted to the jury, which returned a verdict of guilty, and the court entered judgment, sentencing the defendant to the reformatory at Anamosa for a period of not more than ten years, from which judgment he has appealed to this court.

I. It is the contention of the appellant that the court erred in overruling the demurrer, in that there is no such crime known to the statutes of Iowa as "larceny from a building in the nighttime"; that the statute provides, "If any person in the nighttime commit larceny in any dwelling house, store, or any public or private building, or in any boat, vessel, or water craft," etc. (Code 1935, section 13008); and that the phrase is "in a building" and not "from a building". To support such contention he cites two or three cases, foreign to Iowa, but we find that this question has been determined by this court, and, regardless of what other courts say, we will follow our own decisions.

In State v. Carter, 144 Iowa 280, 121 N. W. 694, 695, the proposition was advanced that there was no such crime as "larceny from a building" as distinguished from simple larceny. Considering in turn the crime of simple larceny, larceny from a building in the daytime, and larceny from a building in the nighttime, this court said: (pages 283, 284)

"If the three sections of the statute were to be construed as to be defining three different crimes, there would be much strength in the position taken by counsel, but such we think is not the force and effect of the language employed. The crime defined in each instance is larceny. Under the criminal law of this state we have no degrees of larceny by names or number, but the same effect is obtained by varying the severity of the punishment accordingly as certain specifically described circumstances do or do not accompany the commission of the offense." And finally concluded, at page 285: "In our judgment the indictment is not open to the objection urged. The charge as stated is in our judgment a sufficient accusation of larceny in the daytime."

In State v. Lawson, 196 Iowa 740, at pages 742, 743, 195 N. W. 366, 368, the following instruction was approved:

"In determining whether or not the defendants are guilty

of the crime as charged in the indictment, it will be proper for you to take into consideration the place from which the property in question was taken, if the property was so taken; the time when the property was taken whether in the daytime or at night,'' etc.

The court's opinion follows, page 743: ''In fact, the court required the jury to find beyond a reasonable doubt that the crime of larceny was committed from a building,—the certain garage mentioned in the indictment,—in the nighttime. We find no error at this point.''

■■■ And so in the case at bar the crime charged was ''larceny from a building in the nighttime.'' The charge as stated is, in our judgment, a sufficient accusation of larceny in the nighttime, and the lower court was right in overruling the demurrer.

■■■ II. The only evidence contained in this record that appellant was guilty of the crime charged was that furnished by one Carl Cooley, who was an accomplice, and it is the contention of the appellant that there was not sufficient corroboration of his testimony to submit the case to the jury. Cooley testified that on the evening of January 15, 1935, he was in the town of Stuart and he had talked with a friend of his by the name of Bill McLuen about stealing the alfalfa seed which was located on the farm of John De Vault; that he was acquainted with Morrison and saw him that night; that at about 10:30 or 11 McLuen in his own car drove to what is known as the ''Peterson oil station''; that he (Cooley) drove down to this same station, parked his car, and went over to the McLuen auto, in which Morrison was sitting. Cooley testified that he asked McLuen why Sam was along, and that he replied: ''Oh, that's all right.'' As far as this record is concerned there is no evidence to show that Samuel Morrison knew they were going out into the country to steal the seed, until they arrived at the place where the theft was committed. Cooley had been working at this farm, had a key to the building, opened the door, and the seed was carried out and placed in McLuen's car. They then started for Panora, but there was trouble with the automobile and it was necessary to get Cooley's car to transport the seed. The seed was then transferred to the Cooley car, and they proceeded to Panora, where they arrived the next morning.

The evidence which the State relies upon to corroborate the story of the accomplice Cooley consisted of a certain heel print which was found upon the floor of the room from which the seed was stolen. This was compared with the heel on the shoe that Morrison was wearing, and there is some evidence that the imprint might have been made by the shoe that Morrison had on at the time he was arrested. However, if this was the only corroborating evidence, we would doubt very much if it was sufficient to take the case to the jury. The evidence shows that the shoes Morrison was wearing were ordinary shoes, of which there are hundreds of thousands made. There is no evidence to show whether or not this impression was on the floor prior to the time the seed was stolen. But we do not have to rely upon this testimony alone. There is the evidence of the deputy sheriff of Guthrie county in regard to admissions which he said Morrison made to him, which is sufficient corroboration to submit the case to the jury:

 III. The last question urged by the appellant is that there is no evidence that the value of the property stolen exceeded the sum of $20.

It is a peculiar record that confronts us here. Morrison is a young man who lived in the town of Stuart. There came to the witness stand, to testify in his behalf, the leading men of that town—the editor of the paper, business men, the chief law-enforcing officer of the town, the city marshal. All of them, whose acquaintanceship with Morrison covered a period of from fifteen to twenty years, testified that his general reputation as to moral character was good.

The undisputed record shows that Morrison had nothing to do with the planning of this crime; that he received nothing out of it. He was just unfortunate, in that he knew McLuen and Cooley and happened to meet them on that evening.

The property stolen consisted of alfalfa seed. What grade it was does not appear. It was in sacks. Whether it could be used as seed is not shown. No evidence was offered as to its value, by the pound, bushel, or hundred pounds. The seed itself was not offered in evidence. The burden of proving the value of the property rested upon the State. It failed to prove that the value of the seed exceeded the sum of $20. There was no evidence upon which the jury could have found that the value exceeded that amount.

There was evidence to sustain the finding of the jury that the appellant was guilty of the crime charged, except that the value of the property did not exceed the sum of $20. And the only punishment provided for under the statute under which this appellant was informed against, ''where the value does not exceed $20,'' is that he be fined not exceeding $300 and imprisoned in the county jail not exceeding one year.

For the reasons indicated, judgment below is reversed, and the cause remanded to the district court, with instructions to re-sentence the appellant consistent with the provisions of section 13008, as set out in this opinion.

Reversed and remanded, with instructions.

DONEGAN, C. J., and ANDERSON, KINTZINGER, RICHARDS, and HAMILTON, JJ., concur.