STATE of Iowa, Appellee,

v.

Clarence Duane SMITH, Appellant.

No. 54776.

Supreme Court of Iowa.

April 13, 1972.

**440**

Gary H. Swanson, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Allen J. Lukehart, Asst. Atty. Gen., and Ray Fenton, Polk County Atty., for appellee.

UHLENHOPP, Justice.

The question before us is whether stealing a tire and rim from a wheel on a car constitutes larceny "in" a motor vehicle.

Law officers who were called to a new-car lot at night discovered defendant emerging from the lot. They searched the lot and found a Buick car from which the left front tire and rim were missing. A tire, jack, and lug wrench were nearby. The officers located a Buick rim in the trunk of defendant's Pontiac car a short distance away, but found no jack or lug wrench in the Pontiac. There was no indication that defendant had entered the Buick passenger section, trunk, or engine compartment.

Defendant was charged, tried, convicted, and sentenced for violating the following portion of § 709.4, Code, 1966:

> If any person in the nighttime commit larceny . . . in any motor vehicle . . ., he shall be imprisoned. . . .

Defendant appealed, asserting no proof was adduced that he committed larceny "in" a motor vehicle.

We appreciate that penal statutes are not to be so applied "as to narrow the words of the statute to the exclusion of cases, which those words, in their ordinary acceptation, or in that sense in which the legislature has obviously used them, would comprehend." United States v. Wiltberger, 18 U.S. (5 Wheat.) 76, 94, 5 L.Ed. 37, 42. At the same time, "Statutes defining crimes are to be strictly construed and not to be held to include charges plainly without the fair scope and intendment of the language of the statute, though within its reason and policy, and in the event of doubts they are to be resolved in favor of the accused." State v. Nelson, 178 N.W.2d 434, 437 (Iowa).

■ Larceny statutes frequently provide for more severe punishment of aggravated larceny, and the aggravation under the statutes sometimes lies in the place in which the crime is committed. Larceny prosecutions, under such indictments, involve an additional element: proof of commission in that place. 50 Am.Jur.2d Larceny § 49 at 216 ("The situs of the property in a house or building of the character specified in the statute, when connected with other facts constituting larceny as defined by the several statutes, is the additional fact essential to constitute the crime of larceny from the house or other building.").

Usually such statutes are couched in terms of larceny "from" a specified place. E. g., Code, 1971, § 709.6 (larceny "from" a burning building or "from" the person). Under such statutes, courts have disagreed as to whether larceny of a thing which is on a platform or porch or is displayed outside a building constitutes larceny "from" the building. Driver v. State, 206 Ala. 195, 89 So. 504; Lynch v. State, 89 Ala. 18, 7 So. 829; Bone v. State, 121 Ga. 147, 48 S.E. 986; Middleton v. State, 53 Ga. 248; Martinez v. State, 41 Tex. 126. See also In re Brenner, 151 Kan. 788, 100 P.2d 688.

■■ In the statute before us, however, the legislature has used the word "in"— larceny at night "in" a building, vessel, or motor vehicle. § 709.4. That word is, if anything, more restrictive than "from." We believe that "in" as used here means "within a particular place" or "on the interior or inner side: within." Webster's

Third New International Dictionary. See also Riser v. Federal Life Ins. Co., 207 Iowa 1101, 224 N.W. 67. Thus stealing a tire or rim which is on the outside of a car is not larceny "in" the car.

Our prior decisions are not directly in point. State v. Cook, 261 Iowa 1341, 158 N.W.2d 26; State v. Kobylasz, 242 Iowa 1161, 47 N.W.2d 167; State v. Lawson, 196 Iowa 740, 195 N.W. 366; State v. McDermet, 138 Iowa 86, 115 N.W. 884. See, however, State v. Morrison, 221 Iowa 3, 265 N.W. 355. We are satisfied, nonetheless, that the prosecutor failed to establish an essential element of his case.

Reversed.

All Justices concur except MASON, J., who dissents.